## GRIMES et al. v. NORRIS.  (No. 9366.)

(Court of Civil Appeals of Texas. Ft. Worth. June 19, 1920.)

**Judgment ⊜⇒251(1)—Recovery in trespass to try title limited to allegations of petition.**

Where plaintiff in trespass to try title did not allege right to recover land east of a certain survey, and in his agreement as to the evidence it was admitted he owned the east half of the survey, judgment in his favor should have been limited to such survey; plaintiff being limited in his recovery to the allegations of his petition.

Appeal from District Court, Young County; Wm. N. Bonner, Judge.

Suit by Sherrell Norris against Jesse Grimes and others. From judgment for plaintiff, defendants appeal. Reversed and rendered.

Johnson & Johnson, of Graham, for appellants.
Arnold & Arnold, of Graham, for appellee.

BUCK, J. Sherrell Norris filed suit in the district court of Young county against Jesse, Frank, Noah, Joe, and Lucy Grimes, in form of trespass to try title to a tract of land located in Young county and described as "being the east one-half of I. & G. N. R. R.

Co. survey, certificate No. 174, abstract No. 1461, containing 137 acres," and further described by metes and bounds.

Defendants pleaded not guilty, limiting such plea to a strip of land claimed to be a part of the Chas. P. Heartt survey containing 6 acres more or less on the west side of the Heartt survey and the east side of the I. & G. N. survey. Appellants pleaded that they were entitled to 100 acres out of the Heartt survey, and that such strip was necessary to give them their due amount, and that the line between the plaintiff's and defendants' land had been established by C. W. Hinson, county surveyor of Young county, which line the defendants claimed to be the true boundary line. Defendants claimed a temporary fence had been erected by their father, J. B. Grimes, who died about 8 years before the trial. The father had moved on the land claimed by the Grimes about 14 years before the trial. Defendant claimed that the fence built by their father was some 40 to 50 varas east of the true boundary line established by the county surveyor.

The cause was tried before a jury upon two special issues, in answer to which the jury found that the line claimed by the defendants was the true boundary line, but that plaintiff and his father had acquired title to the strip by 10 years' limitation. From a judgment for plaintiff, the defendants have appealed.

Plaintiff pleaded title to the land described in his petition by limitation of 5 and 10 years.

The evidence sustains the finding of the jury that the true boundary line is where defendants claim. A fence was erected by C. C. Mayes in 1896, separating the land claimed by him from the Norris land. He testified that this fence was kept up from that time until the time of the trial in a condition to turn stock; that at times it was down, but that he repaired it until 1897, when he abandoned the land claimed by him, and that Norris and his father and their employés kept the fence in repair since such time. The Grimes denied that this fence was in existence at the time they bought their land, but claimed that their father built a fence which was not on the line, nor did it purport to be. Shortly before the suit Jesse Grimes moved the fence west some 40 to 50 varas, within 3 feet of the old Hinson line, which the defendants claim to be the true boundary.

The evidence shows and the jury found that plaintiff, as is claimed, had 137 acres west of the new fence, and that the defendants lacked some of having their 100 acres on the east side. It was admitted by the attorneys for the respective parties that the plaintiff owns the east one-half of the I. & G. N. survey, and that the defendants own 100 acres out of the C. P. Heartt survey; that the question to be settled in this suit is one of boundary and limitation. Since the plaintiff limited his pleading to a claim of 137 acres, the east one-half of the I. & G. N. survey, and since the agreement above set out is to the effect that he owns one-half of the I. & G. N. survey, he will be limited in his recovery to the east one-half of the I. & G. N. survey. Hence when the jury found that the boundary between plaintiff's land and defendants was the Hinson line, claimed by defendants, such finding limited plaintiff's recovery to that part of the land west of the Hinson line, or at least west of the new fence built by Jesse Grimes. It is a well-known rule that a plaintiff is limited in his recovery to the allegations made in his petition. Since plaintiff did not allege any right to recover the land east of the I. & G. N. survey, and since in his agreement as to the evidence it was admitted that he owned the east one-half of said survey, the judgment in his favor should have been limited to that survey. Hence it becomes unnecessary for us to consider the assignments of error presented in appellants' brief, and the judgment below will be reversed and here rendered for appellants.

Reversed and rendered.