### GEORGE v. HALL et al. (No. 7152.)

(Court of Civil Appeals of Texas. San Antonio. May 7, 1924.)

1. **Appeal and error** ⚖➡882(8)—**Plaintiff, testifying as to certain matter, cannot complain of defendant's testimony as to same matter.**

Plaintiff testifying, in action on note executed by defendants, as trustees of business trust, that they refused their personal indorsement, admitted that credit was extended to company, and lost benefit of objections to defendant's testimony as to such refusal.

2. **Evidence** ⚖➡423(6)—**Testimony as to makers' disclaimer of personal liability, held not objectionable as contradicting note and certificate of shares securing it.**

Testimony that payee of note sued on was told, during negotiations, that trustees executing it in behalf of business trust were not personally liable and would not indorse it personally, held not objectionable as contradicting, varying, and changing terms of note and certificate of shares securing it, which exempted members of company, who alone could be trustees, from personal liability.

3. **Evidence** ⚖➡423(6)—**Payee, accepting certificate of shares exempting members of business trust from personal liability for debts, cannot complain of parol testimony as to trustees' disclaimer of personal liability.**

One accepting, as security for note, certificate of shares in business trust, exempting members of company, who alone could be trustees, from personal liability for its debts and stating that persons acquiring shares, as security for debt or otherwise, accept terms of declaration, cannot complain of parol testimony that he was told during negotiations that trustees executing note were not personally liable and would not indorse it personally.

4. **Joint stock companies and business trusts** ⚖➡15(1)—**May enter into contract exempting members from personal liability.**

Association organized under declaration of trust, or joint stock company, may enter into contract exempting members from personal liability thereon.

5. **Evidence** ⚖➡423(6)—**Parol testimony as to trustee's disclaimer of personal liability, held admissible to show that payee was looking to company for debt.**

In action on note, secured by certificate of shares in business trust, as trustees of which note was executed by defendants, parol testimony that plaintiff was told during negotiations that defendants were not personally liable and would not personally indorse note held admissible to show that plaintiff was looking to company for debt.

Appeal from District Court, Tarrant County; R. E. L. Roy, Judge.

Action by W. F. George against R. W. Hall and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Ocie Speer, of Fort Worth, for appellant. Burns, Christian, Gumm & Gordon, of Fort Worth, for appellees.

FLY, C. J. This is a suit on a promissory note for $7,000, dated January 12, 1920, due April 20, 1920, in favor of appellant, and signed, "Burkburnett-American Oil & Dev. Co., by R. W. Hall, Pres.," and attested by "R. W Lawler Secy., A. E. Chambers, Tres." The suit was instituted by appellant against R. W. Hall, A. G. Young, Clarence R. Johnson, J. E. Fincher, A. E. Chambers, E. F. Springer, G. C. Summers, R. W. Lawler, J. Roark, E. Levy, M. Rosenfield, and F. B.

---

⚖➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

McCormick, and it was alleged that all the appellees, except R. W. Lawler, became trustees in a certain trust evidenced by a trust instrument of that date, "embracing and involving certain lands and other properties therein mentioned, and at said time assumed the actual, exclusive control and management of said properties in accordance with the terms of said instrument of trust for the benefit of certain beneficiaries therein provided for." It was alleged that R. W. Lawler, shortly after the organization of the trust, became a trustee also. It was further alleged that the trustees, by agreement among themselves, conducted the affairs of the company in the name of Burkburnett American Oil & Development Company, as authorized by the terms of the instrument, that they as trustees executed the promissory note for $7,000 herein mentioned, and that the note was due and unpaid. It was also alleged that the organization was an association, copartnership, or joint stock company, composed of numerous persons to appellant unknown, with the exception of those named, and that each and all of them were liable on the note. Judgment was sought against the appellees individually and personally, and as trustees. Appellees filed a general demurrer, general denial, and special answer, denying any individual liability. The cause was tried without a jury, and the court rendered judgment that appellant take nothing by his suit and pay all costs.

We conclude that the conclusions of fact of the judge of the lower court are supported by the statement of facts. The trust agreement is set forth at length in the findings of fact, but need not be copied at length in this opinion. The company was organized by appellees on July 5, 1919, and they became the trustees for the Burkburnett-American Oil & Development Company, which was described as "a joint stock association," owning oil and gas leases on certain properties in the state of Texas, which properties the trustees desired to develop. The trust was to continue for 20 years, and shares were sold in the association, and the trustees were given complete control of the affairs of the association, had authority to contract debts and give obligations signed by R. W. Hall, A. E. Chambers, and J. E. Fincher. The officers for the first year were R. W. Hall, president, A. G. Young, vice president, Clarence R. Johnson, second vice president, J. E. Fincher, secretary, and A. E. Chambers, treasurer. The powers, duties, and liabilities of the trustees are set forth in full detail. It is provided in the trust agreement that no shareholder shall ever be liable individually for the debts of the association.

At the time the promissory note was executed the Burkburnett-American Oil & Development Company executed and delivered to appellant, as collateral to secure payment of the note, a certificate for $16,805 shares of the beneficial interest in said association. The certificate is as follows:

"Burkburnett-American Oil & Development Co. "Fully Paid and Nonassessable.

"Fort Worth, Texas.

"This certifies that W. F. George is the owner of 16,805 fully paid shares of beneficial interest in the Burkburnett-American Oil & Development Company, a joint stock association, transferable only on the books of the company by the owner thereof in person, or by duly authorized attorney upon the surrender of this certificate properly indorsed.

"This certificate of interest is subject to the provisions and covenants contained in the articles of association of the Burkburnett-American Oil & Development Company, dated the 5th day of July A. D. 1919, and any amendments thereto, and the by-laws of said company, present or future, and the provisions hereof. No member of said company, or holder of this certificate, as such, shall have any authority, power or right whatsoever to do, or transact any business whatever for, or on behalf of, or binding on the company, or any member thereof, and no member of this company shall be personally liable for any debts, covenants, demands, contracts of any kind, or torts of this company beyond the payment in full of the price for which his share or shares were sold him by the company. This certificate shall be the sole and only evidence of membership in said company. Witness the signature of the officers of said company duly authorized.

"Issued and signed this 12th day of July, A. D. 1919.

"[Signed] R. W. Hall, President.
"Attest:
"[Signed] J. E. Fincher, Secretary."

There was a note given previously to the one on which the suit is based, and both when the original note and the renewal note were given, appellant was informed by the signers that neither they, nor the officers and trustees of the association were liable on the note, and when appellant desired the officers of the company to personally sign or indorse the note they told him they would not incur any personal liability on the note, and that it would be collectible only out of the assets of the company and the collateral security, and on that basis appellant accepted the note.

[1] Appellant evidently did not think that the officers and trustees were individually bound on the note sued on, when it was executed, because he swore:

"At that time I asked for personal indorsement of the trustees, on the last renewal. That was after I had accepted the first note and the deal was closed, but on the last renewal I asked for personal indorsement and they refused to give it."

Whatever objections he may have made as to testimony by the trustees in regard to a refusal to become personally liable on the note, he lost the benefit of such objections

by his testimony herein quoted. He thereby admitted that credit was extended to the company and not to the individuals. Oil Co. v. Standard Car. Co. (Tex. Civ. App.) 249 S. W. 253.

[2] The testimony as to the statements of witnesses that appellant was told at the time negotiations were in progress for the execution of the note that the trustees were not individually or personally liable on the note, and would not ·indorse it personally, was objected to because it would contradict, vary, and change the terms of such written instrument. We do not think that the testimony tended, in any way, to contradict, vary, and change the terms of the instrument. The instrument consisted of the note and the certificate of shares, which was, as stated thereon, "given to secure the payment of one promissory note," and in ·that certificate it is definitely stated that—

"No member of this company shall be personally liable for any debts, covenants, demands, contracts of any kind, or torts, of this company beyond the payment in full of the price for which his share or shares were sold him by the company."

[3] Appellant became the holder .of the shares named in the certificate and thereby became a member of the association and is bound by the terms of the articles of agreement. In the agreement it is provided that—

"Any person, firm, or corporation acquiring a share of this trust by purchase, gift, or inheritance, in satisfaction of, or as security for, any debt or in any other manner, assents to, accepts, and approves all the terms, covenants, conditions, and agreements contained in this declaration, and all amendments thereof, and from the date such share or shares is received by them, this declaration shall have like binding force and effect upon him as if he were one of the original parties hereto."

Appellant was charged with knowledge of the provision copied, he knew that no member could. under that provision, to which he had subscribed by accepting the certificate, be held liable for the debts of the company,·and he knew that none but a member could be a trustee or an officer. It follows that if the admission of the parol proof as to personal liability was improperly admitted, the written documents proved the same facts, and appellant testified to them, and he is in no position to complain of improper testimony on the subject.

[4] The members of an association, like the one under consideration, or of a joint-stock company, are authorized to enter into contracts with persons with whom they deal, limiting the liability of such members. In the case of Industrial Lumber Co. v. Texas Pine Land Association, 31 Tex. Civ. App. 375, 72 S. W. 875, the court considered the liability of the members of an association, which is described as—

"a joint-stock company or voluntary unincorporated association, composed of a great number of persons whose interests are evidenced by certificates of stock and which transacted its business and managed its affairs through named trustees, with prescribed powers."

The court held that such concerns are uniformly held to be partnerships and governed by the law of partnerships. Limited partnerships, their powers and liabilities under the statute, are reverted to, and then the court held:

"But it·does not follow, by reason of the existence of this statute, that either an ordinary partnership or an association of individuals may not contract with one another that as to liabilities growing out of the particular transaction evidenced by the contract, the partners or the members of the association shall be exempt from personal liability, and that the other contracting party must look alone to the common holdings of the firm or association for indemnity. The statute merely confers a power. It does not limit or destroy any common-law right. We' are aware of no rule either of law or public policy which forbids the making of such a contract. * * * It is well to remember in this connection that the trustees were not empowered to make any other sort of contract than one exempting the members from liability, and that of this restriction plaintiff was aware, and hence must have known that all other contracts made by the concern in Texas must have been couched in like terms."

A writ of error was denied in that case by the Supreme Court. The case fits the one now under consideration like a garment, and it has often been·cited and approved. Oil Syndicate v. Beeler (Tex. Civ. App.) 217 S. W. 1054; Wells v. Mackay Tel. Co. (Tex. Civ. App.) 239 S. W. 1001; West Side Oil Co. v. McDorman (Tex. Civ. App.) 244 S. W. 167.

There can be no doubt that no provision in the declaration of trust could exempt the members of the company from liability to· third parties for debts contracted by the company, neither can it be doubted that such liability does not extend to a third party who contracts to hold the members exempt from liability. Citing Wells v. Mackay Tel. Co., herein cited, it was held in Hardee v. Adams Oil Association (Tex. Civ. App.) 254 S. W. 602:

"As held in the opinion in the case cited, there can be no reason for denying the shareholders' exemption from personal liability to one who has agreed, in entering into a contract with the association, not to hold the shareholders liable thereon, and to look only to the funds and property of the association as security for the performance of the contract. * * * The agreement to exempt the shareholders from personal liability is binding as between themselves, and when one becomes a shareholder in an organization of this kind he is charged with knowledge of the stipulations and agreements.

contained in the declaration of trust which creates the association, defines its powers and the relation of the shareholders to the association and to each other, and is bound by such declaration and agreement."

[5] Appellant was undoubtedly a shareholder in the association in this case, if the appellant in the case cited was a shareholder in that association, because she had contracted for shares which she had never received. Appellant had the shares issued to him. He knew that under the terms of the contract the individuals were not bound to him, and he dealt with the company under those circumstances. Elwell · v. Tatum, 6 Tex. Civ. App. 397, 24 S. W. 71, 25 S. W. 434. The parol testimony was permissible to show to whom appellant was looking for his debt. Traynham v. Jackson, 15 Tex. 170, 65 Am. Dec. 152; Woldert v. Bank (Tex. Civ. App.) 234 S. W. 124.

The judgment is affirmed.