ODEN et al. v. BONE et al.   (No. 7172.)

(Court of Civil Appeals of Texas. San Antonio. May 28, 1924. Rehearing Denied July 1, 1924.)

Joint-stock companies and business trusts ⨾ 15(1)—Trustees and shareholders of joint-stock association not personally liable to payee of notes who knew of exemptions from liability.

Where the payee of notes executed by an unincorporated joint-stock association through its trustees had been the manager of the association and knew that declaration of trust provided that neither trustees who transacted business for the association nor the shareholders should be liable personally, he could not hold them liable.

Appeal from District Court, Tarrant County; Ben. M. Terrell, Judge.

Action by W. M. Oden and others against Alexander Bone and others. From part of a judgment in favor of certain defendants, plaintiffs appeal. Affirmed.

Phillips, Brown & Morris, of Fort Worth, and J. A. Kibler, of Waco, for appellants.

Smith, Crawford & Sonfield, of Beaumont, and Goree, Odell & Allen and Ernest May, all of Fort Worth, for appellees.

FLY, C. J. This is a suit on two promissory notes, instituted by appellant against appellees, consisting of 22 persons, who were shareholders in the Southern Oil & Grease Company, an unincorporated joint-stock company. Appellant alleged the execution of the notes by the Southern Oil & Grease Company, through N. G. Cofer, J. W. Neal, and Alexander Bone, its duly authorized trustees, agents, representatives, and partners. When the case came to trial appellant dismissed as to defendants Alexander Bone, W. F. Carr, E. J. Broad, R. P. Woltz, J. D. Bozeman, W. M. Whitley, E. Dunnwoody, Chas. D. Wagner, D. J. Thornton, L. L. Slager, and H. H. Bailey, and the court rendered judgment in favor of S. W. Aldredge, Dr. W. E. Tatum, W. M. Vickers, Tobe Trahan, W. F. Brewer, W. D. Snyder, W. G. Blanton, and P. L. Hare, and rendered judgment by default in favor of appellant as against B. F. Yates, J. E. Giles, and W. B. Tatum. An appeal was perfected as against that part of the judgment in favor of S. W. Aldredge, Dr. W. E. Tatum, W. M. Vickers, Tobe Trahan, W. F. Brewer, S. D. Snyder, W. G. Blanton, and P. L. Hare.

The two notes, one for $1,000, the other for $5,000; the first due 60 days after September 13, 1921, its date, the other due 6 months after date, September 15, 1921. The first note is signed Southern Oil & Grease Company, N. G. Cofer, president, A. Bone, secretary and treasurer; the second is signed Southern Oil & Grease Company, N.

G. Cofer, trustee, J. W. Neal, trustee, and Alexander Bone, trustee. The articles of agreement creating the Southern Oil & Grease Company describe the organization as "an unincorporated joint-stock association," state its purpose, provide for its capital stock, the selection of a board of trustees, define their duties and designate their powers, and contain the following provisions:

"No shareholder as such shall have the authority, power, or right whatsoever to do or transact any business whatever for, or on behalf of, or binding on, the company, or any member thereof, and no shareholder in this company shall be personally liable for any debts, covenants, demands, contracts of any kind, or torts of this company beyond the payment in full of the price for which his share or shares were sold him by the company, and his certificates of stock shall be the sole and only evidence of his membership in said company. * * *

"The trustees shall, by a vote of a majority of the board, have full power and authority to conduct the business and the affairs of the company, to purchase, contract for, lease, or otherwise acquire any property necessary or proper for the purposes of the company, to sell and convey any part of the property of the company, to make all necessary repairs, extensions, and additions, to borrow money on the credit of the company, and, if deemed advisable, issue mortgage debentures therefore secured by a mortgage, or deed of trust, upon the property of the company, executed upon such terms as they may deem proper, and generally to do all things which in their judgment are necessary and prudent in the management and conduct of the business of the company. * * *

"The trustees, the survivor or survivors of them, their successors, and their survivor or survivors, shall have no power to bind the shareholders or members personally, and in all correspondence the trustees or officers shall use letterheads and stationery showing by plain language, properly displayed, that the shareholders are not to be personally liable for any engagements of said association, and in every written contract they shall enter into relating to the business of this company, its property, or any part thereof, reference shall be made to these articles; and the person, firm, or corporation so contracting with them shall look only to the funds and property, legal and equitable, of the company under said contract, for the payment of any debt, damage, judgment, or decree or of any money that may become due and payable in any way by reason thereof; and neither any of the trustees nor the shareholders, present or future, shall be personally liable therefor, or for any debt incurred, or engagement or contract made, by the board of trustees, or any officer, agent, or servant acting under them on behalf of the company."

Appellant lent money to the Southern Oil & Grease Company and took the two notes for the same. He admitted that he was the manager of the company from August 12 to February 1, 1922. His attorney saw and thoroughly examined the declaration of trust before the money was loaned by appellant,

and he was acquainted with the contents of the declaration of trust. Before the notes were executed Cofer exhibited to appellant a copy of the declaration of trust of the Southern Oil & Grease Company, and he knew that the declaration provided that the shareholders and trustees were not personally liable for the debts of the company. Appellant did not rely upon the liability of the shareholders or trustees when he made the loan. He read the declaration of trust and understood its provisions, and admitted that the shareholders were not liable. Appellant was the manager of the company and as such was charged with knowledge of the contents of the declaration of trust. He knew the shareholders were not liable and shifted his position only when the company became insolvent. The shareholders nor trustees were liable personally. North Tex. Oil & Refining Co. v. Standard Tank Co. (Tex. Civ. App.) 249 S. W. 253; George v. Hall, 262 S. W. 174, by this court, not yet [officially] published; McCarthy v. Parker, 243 Mass. 465, 138 N. E. 8.

The assignments are without merit, and the judgment is affirmed.