## SHELTON v. MONTOYA OIL & GAS CO. et al.    (No. 3055.)

(Court of Civil Appeals of Texas. Texarkana. April 23, 1925. Rehearing Denied April 30, 1925.)

**Joint-stock companies and business trusts ⬳ 15(1)—Trustees and shareholders of company not personally liable to holder of notes, who knew of exemptions from liability.**

Where holder of notes, executed by oil company, through its trustees and shareholders, knew that instrument, under which company operated, expressly exempted shareholders and trustees from personal liability for company transactions, he could not hold them personally liable, irrespective of whether instrument had legal effect of creating a pure trust or a partnership.

Appeal from District Court, Grayson County; Silas Hare, Judge.

Action by Geo. M. Shelton against the Montoya Oil & Gas Company and others. From the judgment, plaintiff appeals. Affirmed.

Thomas, Frank, Milam & Touchstone, of Dallas, for appellant.

Webb & Webb, of Sherman, for appellees.

LEVY, J. The appellant, who was the plaintiff in the case, sought to recover a judgment on a series of 12 notes signed "Montoya Oil & Gas Company, per S. L. Ricketts, Sec'y." The Montoya Oil & Gas Company and P. H. Luby, S. L. Ricketts, C. H. Lackey, W. L. Merrill, and J. W. Johnson were named as defendants. The Montoya Oil & Gas Company was described as a joint-stock association or partnership, composed of the other defendants, for the purpose of engaging in a general oil and gas business. It was alleged that S. L. Ricketts in signing the partnership name was acting within the scope of his authority and in the course of partnership business, and that he signed said name as the name of all the partners; that 4 of said notes were payable to plaintiff, 4 to J. M. Hickey, and 4 to the Comanche Home Oil Company No. 2; that plaintiff purchased of J. M. Hickey the 4 notes payable to him, and the 4 notes payable to the Comanche Home Oil Company through J. M. Hickey, its president. The prayer was for judgment against all of the defendants, jointly and severally.

The defendants answered denying, under oath, that any of the defendants, except the Montoya Oil & Gas Company, had executed the notes, and averring that the Montoya Oil & Gas Company as organized was a pure trust, and in no sense a partnership, that the declaration of trust contained provisions that exempted its stockholders, trustees, and directors from personal liability on its contracts and obligations; that the plaintiff, Shelton, and J. M. Hickey and the directors of the Comanche Home Oil Company No. 2, were familiar with the provisions of the declaration of trust, and contracted with reference thereto; that each note had attached thereto certificates of stock in the Montoya Oil & Gas Company of much greater amount than the note; and that it was contemplated that the stock so attached should be sold and the face of the notes paid out of the money arising from the sale, and that same should not be paid in another manner.

The plaintiff replied by supplemental petition that, if the defendants were not in fact partners operating under the name of Montoya Oil & Gas Company, said company was an unincorporated association or trust estate of which the defendants were the trustees, and that they were such trustees at the time of the execution of the notes. After hearing the evidence, the court peremptorily instructed the jury to return a verdict in favor of the plaintiff against the Montoya Oil & Gas Company for the amount sued for, and in favor of the other defendants as against the plaintiff. A judgment was entered in accordance with the verdict, and the plaintiff has appealed therefrom, in denial of the personal liability of the defendants, except the Montoya Oil & Gas Company.

The evidence is undisputed that the instrument, under which the Montoya Oil & Gas Company operated, expressly exempted the shareholders and trustees from personal liability for company transactions. The defendants were the trustees and were shareholders. The plaintiff especially knew of that express declaration of personal exemption from liability, and it was discussed with him on various occasions. And, at the time these notes were taken, the plaintiff and the parties knew of the limited liability of the other defendants as trustees, and did not rely upon any personal liability of the defendants resulting from being trustees or shareholders in accepting the notes. Since these facts are practically undisputed, it is concluded that the court did not err in rendering the judgment as entered. It is entirely immaterial whether the instrument had the legal effect of a pure trust or a partnership, for the clause of limited liability of the individuals was valid and effective. In either event personal liability against the trustees or partners could not be predicated, since the plaintiff knew of the limitation upon liability and dealt in respect thereto. Oden v. Bone (Tex. Civ. App.) 263 S. W. 640; George v. Hall (Tex. Civ. App.) 262 S. W. 174.

In the case of Moorehead v. Greenville Nat. Ex. Bank (Tex. Civ. App.) 243 S. W. 546, recovery was allowed against the trustee upon the note signed in the estate name. But there is a diversity of facts from the instant case. In that case it was expressly

stated "it was not proven that the plaintiff had notice that there was any provision in any of the organization papers of the company limiting the liability of the shareholders and members."

The other assignments do not, we think, present reversible error.

The judgment is affirmed.