VICTOR REFINING COMPANY V. CITY NATIONAL BANK OF COM-
MERCE ET AL.

No. 4273.   Decided June 24, 1925.

(274 S. W., 561).

1.—Case Followed.

The rulings in Thompson v. Schmitt, ante p. 53, are followed and held to determine the decision herein.   (P. 74.)

2.—Partnership—Joint Stock Company—Trust.

Exemption of shareholders in an unincorporated association from personal liability to its creditors can be secured only by compliance with the statutes of the State governing limited partnerships.   Such effect can not be given to a provision in its articles of association that such shareholders incur no personal liability, though notice thereof to the creditors dealing with it be shown.   (P. 74.)

Error to the Court of Civil Appeals for the Seventh District, in an appeal from Wichita County.

The Victor Refining Co. and certain of its shareholders procured writs of error on a judgment of the Appellate Court holding the shareholders personally liable as partners on a debt contracted by the company (263 S. W., 622).

*J. L. Lackey* and *Taylor & Taylor*, for plaintiffs in error.

The original defendants interpleaded these plaintiffs in error, notwithstanding the fact they were parties to the solemn and binding agreement to the effect that the liability of these plaintiffs in error was limited and that they could not be made to account for any loss, debt, or obligation, over and above the amount they actually invested.   We find the original defendants, along with their attorneys, who in the first instance denied liability, now seeking to make the interpleaded defendants help them pay off this unjust judgment.

We submit that the original defendants who were parties to the contract, and in fact who were responsible for the wording of the contract which provided that these interpleaded defendants should not be held liable for anything over and above amounts invested by them, ought not at this time to be permitted to come into court and urge that the interpleaded defendants should be made to pay any part of this judgment.

*Bullington, Boone & Humphrey, Leslie Humphrey,* and *John B. King,* for defendants in error.

The appellants have appealed solely from the judgment in favor of the appellees, their co-defendants below, and have not perfected appeal from the judgment of the court below in favor of the plaintiffs below. The plaintiffs below have not been made a party to this appeal, and not being a party to the appeal, the appellants cannot attack the judgment rendered in favor of these plaintiffs and therefore the brief of the appellant, insofar as such an attack is made, should not be considered. Traders' National Bank v. Price, 228, S. W., 160; Rhodes v. Harris, 194 S. W., 621; Missouri Pac. Ry. Co. v. Cheek, 159 S. W., 427; Sullivan v. Doyle, 194 S. W., 136; 108 Texas, 368.

The debts, demands and contracts sued upon were the debts, demands and contracts of the association. The law impressed upon the shareholders personal liability as partners therefor. H. Beach and others as co-owners of the shares of stock in this association and therefore co-partners with the appellants are entitled as partners to contribution. J. P. Webster & Sons v. Utopia Confectionery, 254 S. W., 123; Graham Hotel Corporation v. Leader, 241 S. W., 700; McCamey v. Hollister Oil Co., 241 S. W., 689; Nini v. Cravens & Cage Company, 253 S. W., 582; West Side Oil Company v. McDorman, 244 S. W. 167; Wells v. Mackay Telegraph-Cable Co., 239 S. W., 1001; Industrial Lumber Company v. Texas Pine Land Association, 72 S. W., 875.

Under our statutes and the decisions of our courts, the Articles of Association here, clearly, created a partnership; such being the case, the shareholders became jointly and severally responsible for the debts incurred in the conduct of such business. Under the authority of Wells v. Mackay Telegraph-Cable Company and McCamey v. Hollister Oil Co., cited supra, the statutes relating to corporations or limited partnerships are the only statutes in this State which provide for, or allow, a limitation of the individual liability of the members of any association of persons formed for the purpose of carrying on a business enterprise for profit.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

Several suits were brought in the District Court of Wichita County, by the City National Bank of Commerce and others against the Victor Refining Company, alleged to be a joint stock association, and a number of individuals, alleged to be partners in the association. The suits were to enforce obligations incurred by the Refining Company in the transaction of its business. The original individual defendants interpleaded

other individuals, seeking contributions from them to any judgment recovered by the plaintiffs, the association having become insolvent.

The several suits were consolidated and the trial resulted in judgment for the respective plaintiffs against the original defendants for large sums, with judgment in favor of the original individual defendants for contributions from the interpleaded individual defendants.

No question is raised as to the status of the Victor Refining Company as a voluntary, unincorporated, joint stock association, engaged in an industrial enterprise.

Some of the interpleaded defendants appealed from the judgment of the District Court, which was affirmed, save as to the recovery awarded one of the plaintiffs.    263 S. W., 622.    The appealing interpleaded defendants thereupon sued out a writ of error and complain that there was error in the action of the District Court in refusing to allow them to prove notice to the plaintiffs of a clause in the declaration of trust under which the Refining Company was formed, to the effect that no personal liability should be incurred by the stockholders on obligations of the Company.

The articles of association, under which the Company was organized, empower the trustees to control the Company's business and to contract debts, and further undertake to provide:

"The trustees shall have no power to bind the shareholders or members personally, and in every written contract they shall enter into relating to the business of this company, its property or any part thereof, reference shall be made to said declaration of trust; and the person, firm or corporation, so contracting with them shall look only to the funds and property, legal and equitable of the company, under said contract, for the payment of any debt, damage, judgment or decree, or of any money that may become due and payable in any way by reason thereof. And neither any of the trustees nor the shareholders present or future shall be personally liable therefore or for any debt incurred or engagement or contract made by the board of trustees, or any officer, agent or servant acting under them on behalf of the company.   Furthermore, the funds and property of the company of every character shall stand primarily charged with the burden of paying any claim or money demand established or existing on account of the operations and business of the company, whether founded on contract or tort, to the end that the members of the company may be protected from personal liability on account thereof."

The Court has today determined in the case of Thompson v. Schmitt, ante, p. 53, that exemption from personal liability on the part of shareholders in a voluntary, unincorporated association in this State to creditors of the association can be secured only by compliance with our statutes governing limited partnerships, and that the legal effect of articles of association of a partnership, in the form of a voluntary, unincorporated, joint stock company, containing an attempted exemption provision like the above, was to render the shareholders responsible for the payment of the company's debts.

"As between the members, each is bound to pay his proportion of the debts; but as to the creditors, one member is bound for all the debts." Hodgson v. Baldwin, 65 Ill., 538.

On the authority of Thompson v. Schmitt, supra, the judgment of the Court of Civil Appeals is affirmed.

*Affirmed.*