### CHAPMAN v. WITT et al.    (No. 89.)

(Court of Civil Appeals of Texas. Eastland.
Jan. 22, 1926.    On Motion for Rehearing
Feb. 19, 1926.)

On Motion for Rehearing.

1. **Joint-stock companies and business trusts** ⚖️15(1)—**That cashier of bank which extended credit to corporation had knowledge that declaration of trust under which corporation operated provided that stockholders be not personally liable for corporate debts does not relieve stockholder from liability.**

That cashier of bank which took note of and extended credit to corporation had full knowledge that the declaration of trust under which the corporation operated provided that stockholders should not be personally liable for debts of corporation does not relieve stockholder from personal liability.

2. **Appeal and error** ⚖️544(1).

Court cannot determine whether evidence supports one or more defenses, where there is no statement of facts in record.

3. **Appeal and error** ⚖️1175(1).

Appellate court will not render judgment for appellant on reversal, unless it conclusively appears that case was fully developed.

4. **Appeal and error** ⚖️1175(1).

Cause will be remanded rather than rendered, where justice will probably be better subserved.

5. **Appeal and error** ⚖️1177(7)—**Where no statement of facts is in record, and court did not permit defense to fully develop case, on reversal by appellate court cause will be remanded.**

Where no statement of facts is in the record, and court did not permit defense to fully develop case, on reversal judgment will not be rendered, but cause will be remanded.

Appeal from District Court, Eastland County; Elzo Been and Geo. L. Davenport, Judges.

Suit by J. L. Chapman, Commissioner, as statutory receiver of the First State Bank of Eastland, against E. Witt and one Roper. Judgment for defendants, and plaintiff ap-

peals as to the judgment in favor of defendant Roper. Reversed and remanded.

W. J. Rogers, of San Antonio, for appellant.

Wagstaff, Harwell & Wagstaff, of Abilene, and S. W. Pratt, of Cisco, for appellees.

LITTLER, J. J. L. Chapman, commissioner, as statutory receiver of First State Bank of Eastland, brought this suit against appellees Witt and Roper, upon their alleged individual liability as stockholders of the Alamo Oil & Refining Company, for a debt due by said refining company to said bank. Said refining company alleged to be a joint stock company operating under a declaration of trust. Witt was discharged by the judgment from which no appeal was taken. Roper's defense was that he was not a stockholder, and that the debt was created by the bank, not upon the credit of the stockholder's personal liability, but upon the credit of said company, and with notice of nonliability of the stockholders, as provided in the declaration of trust hereinafter noticed.

The case was tried before the court without a jury, and the court, after hearing the facts, found that Roper was a stockholder, but entered judgment in favor of both defendants, to which action of the court plaintiff gave notice of appeal as to the judgment in favor of Roper, and this cause is now before this court for review.

Upon request of plaintiff, the court filed its findings of fact and conclusions of law. However, for the purpose of this opinion it will only be necessary to set out a part of the findings of fact as follows:

"That the Alamo Oil & Refining Company had been organized under what is known as a common-law trust, and was operating under a declaration of trust. That said concern was organized for the purpose of acquiring, owning, and operating an oil refinery or refineries in Eastland county, Tex., for the purpose of buying and selling oil and by-products manufactured therefrom.

"That the individual stockholders of the Alamo Oil & Refining Company should not be liable for any of the debts of said company, but that the creditors should look only to the assets of the Alamo Oil & Refining Company for the payment of any obligation of the said company.

"That the cashier and active vice president of said First State Bank of Eastland, J. H. Cheatham, was a stockholder in the Alamo Oil & Refining Company, and had knowledge of the conditions of the declaration of trust under which the said Alamo Oil & Refining Company was operated, and knew that said declaration of trust contained, among other things, the stipulation that the individual stockholders of said company should not be liable for any of the debts incurred by it, but that the creditors of said concern should look only to the assets of the said company for the payment of any obligations incurred."

I find that, by reason of J. H. Cheatham, cashier and vice president of said bank, who assisted in the negotiations for said loan, being a stockholder in the Alamo Oil & Refining Company, the bank had full knowledge of the authority of said Evans in making said note and of the condition of the declaration of trust under which said Alamo Oil & Refining Company was operated.

I further find that the said J. H. Cheatham did not communicate to any of the officials of said bank the knowledge which he had as to the conditions contained in the declaration of trust of the Alamo Oil & Refining Company.

The court also filed its conclusions of law as follows:

"There being insufficient evidence to connect the defendant, E. Witt, with the alleged declaration of trust offered in evidence and to connect him as a stockholder in the Alamo Oil & Refining Company, the court finds that there is not sufficient evidence to authorize a judgment against him herein.

"It appearing from the evidence adduced upon the trial of the case that the cashier and active vice president of the First State Bank of Eastland, to whom the note was given at the time of the execution and delivery of the said note, was a stockholder in the Alamo Oil & Refining Company, and had notice and knowledge of the limited authority of said John T. Evans, who negotiated the loan for the Alamo Oil & Refining Company, and knew of the terms under which the said Evans county contract, and knew that the said Evans had no authority to contract with said bank, except under such authority as was given him by the declaration of trust, and knew all the terms and conditions of the declaration of trust with reference to the provisions contained in said declaration of trust relieving the stockholders of any personal liability, and providing that the creditors of the said concern should look only to its assets, as a matter of law, was knowledge to the bank to such facts, and that by reason thereof plaintiff cannot recover against either of the defendants herein, and that judgment should be rendered by the court in favor of each of the defendants herein."

It appears that the only question for this court to pass upon is the validity or binding effect of the following clause in the declaration of trust of the Alamo Oil & Refining Company, which reads as follows:

"That the individual stockholders of the Alamo Oil & Refining Company should not be liable for any of the debts of said company, but that the creditors should look only to the assets of the Alamo Oil & Refining Company for the payment of any obligations of the said company."

It appears that this question has been finally settled by our Supreme Court adversely to appellee in the case of Victor Refining Co. et al. v. City National Bank of Commerce et al., 274 S. W. 561.

This case was first tried in the district court of Wichita county and appealed to the

Court of Civil Appeals of Texas·at Amarillo, where it was held in the opinion by Judge Royce that the lower court did not err in refusing to allow defendants to prove notice to the plaintiff of a clause in the declaration of trust under which the refining company was formed, to the effect that no personal liability should be incurred by the stockholders on obligations of the company. That question alone was taken to the Supreme Court upon writ of error, and the judgment of the Court of Civil Appeals was affirmed.

It appears that said decision is in direct conflict with the Court of Civil Appeals at San Antonio, in the case of Dayle L. Smith Oil Co. v. Continental Supply Co., 268 S. W. 489, the Supreme Court denying writ of error in this case. However, the opinion of our Supreme Court in Victor Refining Co. v. City National Bank, supra, is the last word on the question involved in this case, and is now the law of our state.

It follows that, if it would not have been error for the court to have refused to allow defendants to prove that the bank had notice of the provisions of the declaration of trust limiting the liability of the stockholders, it would necessarily follow that the trial court erred in rendering judgment in favor of defendants on account of said limitation in the declaration of trust. On account of said error, the judgment of the lower court is reversed, and judgment here rendered for plaintiff against defendant Roper.

Reversed and rendered.

### On Motion for Rehearing.

[1] Appellee in his motion for rehearing insists that we erred in our original opinion in holding that appellee, by reason of his being a stockholder in the Alamo Oil & Refining Company, was personally liable on the note of said company to the First State Bank of Eastland, although the cashier of said bank, who took said note and extended credit to said company, did so with full knowledge that the declaration of trust under which the Alamo Oil & Refining Company operated provided that the stockholders should not be personally liable for debts of the company. On this point we hold to our original opinion, believing that the Victor Refining Co. et al. v. City National Bank (Tex. Sup.) 274 S. W. 561, is directly in point, and settles this question against the contention of appellee.

[2-5] Appellee further insists that this court erred in reversing judgment of the lower court and rendering judgment in favor of appellant. We think this assignment is well taken. The defendant in his answer pleads several defenses, among which was a contract with the bank that it was to look only to the assets of the company for payment and not to the individual stockholders.

There being no statement of facts in the record, this court cannot determine whether or not the evidence supported one or more or all of the defenses pleaded: Gentry v. Schneider, 77 Tex. 2, 13 S. W. 614; Harrison v. Friar (Tex. Civ. App.) 28 S. W. 251.

It is well settled that, upon the reversal of the judgment of the trial, an appellate court will not render judgment for appellant, unless it conclusively appears that the case has been fully developed.

There being no statement of facts in this case, the trial court, doubtless relying upon the provisions in the declaration of trust that no stockholder should be liable, decided the case upon that issue alone, and, therefore, did not permit the defense to fully develop this case.

It is well-settled law of our state that a cause should be remanded rather than rendered, where justice will probably be better subserved by so doing. Dayle L. Smith Oil Co. v. Continental Supply Co. (Tex. Civ. App.) 268 S. W. 489; Shelton v. Montoya Oil & Gas Co. (Tex. Civ. App.) 272 S. W. 222; Oden v. Bone (Tex. Civ. App.) 263 S. W. 640; George v. Hall (Tex. Civ. App.) 262 S. W. 174.

We conclude that we were in error in rendering judgment against appellee, and rehearing on that part is granted, and we now reverse and remand the cause for another trial.