## DYER v. BLACK, SIVALLS & BRYSON, Inc. (No. 12062.) *

Court of Civil Appeals of Texas. Fort Worth. Dec. 15, 1928.

Rehearing Denied Jan. 12, 1929.

Fred T. Arnold and Marshall & King, all of Graham, for appellant.

Phillips, Trammell, Chizum & Price, of Fort Worth, McFarlane & McFarlane, of Graham, and Charles L. Terry, of Fort Worth, for appellee.

CONNER, C. J. This suit was filed by appellant, W. H. Dyer, in the district court of Young county, on February 13, 1928, seeking to enjoin and set aside a judgment of the same court rendered in favor of Black, Sivalls & Bryson, a corporation, against the Barnes Production Company, W. H. Dyer, and others, on the 6th day of September, 1924, for the sum of $1,062.75.

Appellant's petition is too lengthy for insertion. It contains two counts. In the first count the judgment referred to is attacked on the ground that it is utterly void. The second count, in the nature of a bill of review, seeks to set aside the judgment on equitable grounds, to wit, that he was without knowledge of the rendition of the judgment until too late to move to set it aside during the term, or to have sought relief on appeal, or writ of error, etc.

Appellee at great length answers the issues presented in the second count, urging a want of diligence, a want of necessary parties, an insufficient showing of fraud, etc., to which appellant, in an answering brief, replies that appellee "is mistaken in his theory of the case for the reason that the suit of appellant is one for injunctive relief and is an attack upon a void judgment and by reason thereof is not a petition or suit in the nature of a bill of review. In other words, the theory of appellant is that the judgment obtained by the appellee against appellant in the lower court is void and, this judgment being void, the same is subject to collateral attack at any time."

We need, therefore, to only consider whether the judgment in favor of Black, Sivalls & Bryson against Barnes Production Company, appellant Dyer and others, is void.

The petition of Black, Sivalls & Bryson against the Barnes Production Company alleges that the plaintiff is a corporation and that the Barnes Production Company is a joint-stock association, of which Joe Frantz is a trustee and shareholder; that W. H. Dyer, the plaintiff in the present proceeding, was, among others unnecessary to name, a

shareholder; that, for a valuable consideration, the Barnes Production Company executed and delivered a promissory note for $872.50 on March 1, 1923, payable 60 days after date, with interest and attorney's fees at the rate of 10 per cent. additional, and that the defendants had failed and refused to pay the note. It was further alleged that the Barnes Production Company was "a joint-stock association or partnership, operating under a declaration of trust"; that W. H. Dyer and others not necessary to name were "shareholders in said association as such liable for the payment individually of the above declared indebtedness."

The record shows without dispute that citation in due form was issued and duly served upon the Barnes Production Company, W. H. Dyer, and other parties, alleged to be shareholders, etc., and that on, to wit, September 6, 1924, the case came on to be heard before the court and judgment was rendered for the plaintiffs in the suit against the Barnes Production Company, W. H. Dyer, Joe Frantz, and Sam Goldwater. The judgment recites the appearance of the plaintiff, and of a number of the defendants who were dismissed upon their verified answers, and for want of service, and that the "Barnes Production Company, Joe Frantz, W. H. Dyer, and Sam Goldwater" had been "duly cited to appear and answer in this case and that they have failed to answer, demur, or plead but have wholly made default; and it further appearing to the court that plaintiff's cause of action is founded upon a note executed by the Barnes Production Company, and that the other defendants are shareholders in said Barnes Production Company, a common law association and are liable as such. * * * And that said note is past due, and that there is now due on said note the sum of $872.50, principal, and $93.64 interest, and $96.61 attorneys' fees, making in all the sum of $1,-062.75.

"It is therefore considered and ordered by the court that the plaintiff, Black, Sivalls & Bryson, Inc., do have and recover of and from the defendants, the Barnes Production Company, Joe Frantz, W. H. Dyer, and Sam Goldwater, the sum of $1,062.75, with interest from this date at the rate of 8 per cent. per annum, together with all of their costs in this behalf expended."

Appellant attacks the judgment on the ground that the petition against the Barnes Production Company, Dyer, and others does not clearly and definitely allege a partnership and state the liability of the individual members, that a dismissal of a part of the individual members of the partnership from a suit destroys the partnership suit and renders a judgment against the partnership void, and that a judgment by default not based on any testimony is void.

It is undoubtedly true, as appellant asserts, that a void judgment may be attacked at any time when its enforcement is sought. Article 4646, Rev. Statutes 1925, provides that: "No injunction to stay an execution upon any valid and subsisting judgment shall be granted after the expiration of one year from the rendition of such judgment, unless it be made to appear that an application for such injunction has been delayed in consequence of the fraud or false promises of the plaintiff in the judgment, practiced or made at the time, or after rendition, of such judgment," etc.

It is not asserted and certainly not shown by the record that plaintiff's application for injunction in this case was delayed in consequence of any fraud or false promise of the plaintiff in the judgment, practiced or made at the time, or after its rendition, nor does the record disclose any sustainable, equitable, matter of defense arising after the rendition of the judgment, nor do we understand that the dismissal of the defendants, as appears from the judgment, renders it void.

Article 2211, Rev. Statutes 1925, expressly provides among other things, that "Judgment may, in a proper case, be given for or against one or more of several plaintiffs, and for or against one or more of several defendants or intervenors;" and it has been expressly held that service on one partner will support a judgment against him and against the firm. Wichita County Lumber Co. v. Maer (Tex. Civ. App.) 235 S. W. 990. It has also been decided that a judgment rendered against one of the copartners after personal service is valid, notwithstanding a judgment against the partnership estate is invalid by reason of a dismissal of certain copartners. Burton v. Roff (Tex. Civ. App.) 275 S. W. 273; Same Case in (Tex. Com. App.) 292 S. W. 159; McManus v. Cash & Luckel, 101 Tex. 261, 108 S. W. 800; Frank v. Tatum, 87 Tex. 204, 25 S. W. 409; Glasscock v. Price, 92 Tex. 271, 47 S. W. 965. And we think it must now be held to be established that the shareholders in the ordinary unincorporated joint-stock company of this state are liable for its obligations as partners. Hollister Oil Co. v. McCamey, 115 Tex. 49, 274 S. W. 562; Victor Ref. Co. v. City National Bank of Commerce, 115 Tex. 71, 274 S. W. 561.

So far as the record discloses, there was no denial of partnership by any of the defendants sued, and certainly not by the appellant, Dyer, and we can but think that the allegations of plaintiffs' petition in the suit in which the judgment was rendered is sufficient as against a general demurrer to raise the issue of partnership. As pointed out, the allegations were that the Barnes Production Company was "a joint-stock association or partnership," and that W. H. Dyer and others were "shareholders in said association as such liable for the payment individually" of the indebtedness declared upon. These allegations, in the absence of a denial

of partnership, seems to us sufficient to sustain judgment. See Graham Hotel Corp. v. Leader (Tex. Civ. App.) 241 S. W. 700. The allegations in that case were that the Graham Hotel Corporation was "an association or partnership or stock company or association, the exact status of which is unknown, but, for the purposes hereof, which plaintiff charges and alleges to be a partnership, composed of" named parties. This court held that the petition charged a partnership, stating that: "We think the petition sufficiently charges a partnership," citing authorities. We think that the terms "joint-stock association" or "partnership," as used in the petition, are to be considered as synonymous, especially in view of the further allegation that the stockholders named, including appellant, were "liable for the payment individually" of the debt declared upon. The judgment recites that the necessary facts "appeared" to the court, and the evidence, if any, heard upon that trial is not before us. We cannot presume that no evidence was heard, and therefore cannot say that the judgment is void for want of any supporting evidence.

We conclude that the judgment below must be affirmed.