Lloyd W. Davidson, State's Atty., of Austin, for the State.

HAWKINS, Judge.

Appellant is under conviction for operating an open saloon, punishment being a fine of $100.

The information and complaint is exactly like that found in J. Weinberger v. State (Tex.Cr.App.) 98 S.W.(2d) 356, which by opinion this date is held not to charge an offense under the statute upon which the prosecution was predicated.

For the reasons set out in that opinion, the judgment in this case must be reversed, and the prosecution ordered dismissed.

## JACKSON v. CLOER et al.

### No. 13363.

Court of Civil Appeals of Texas. Fort Worth.

April 24, 1936.

Rehearing Denied Oct. 16, 1936.

Smoot & Smoot, of Wichita Falls, for plaintiff in error.

SPEER, Justice.

V. U. Cloer filed this suit against S. B. Jackson and Kemgas Cotton Seed Delinting Company, a corporation, in the Eighty-Ninth district court of Wichita county, Tex. For the sake of brevity, we shall refer to the parties as they were designated in the trial court.

The plaintiff alleged that on or about the 5th day of February, 1931, he entered into a contract with S. B. Jackson by the

terms of which, as set out in the pleading, he (Cloer) was the owner of certain letters patent covering the processes of selecting cotton seed, and obligated himself to transfer and assign to S. B. Jackson the letters patent in consideration for which Jackson was to organize and procure a charter under the laws of the state of Texas for a corporation to manufacture and operate the patented device, and that, when the corporation was organized and chartered, defendant Jackson was to transfer and assign the letters patent to the corporation and the latter should in turn issue to plaintiff 25 per cent. of the capital stock of the corporation.

Allegation is made that the corporation was organized, but that at the date of the institution of the suit was not operating or attempting to operate; was insolvent and was without assets; that the 25 per cent. of the capital stock of the corporation was never issued to plaintiff; and that S. B. Jackson failed at all times to carry out his agreements contained in the contract.

Allegation was also made that the contract of assignment to S. B. Jackson was wholly without consideration and had been fully and continuously breached by Jackson, and for that reason the contract of assignment should be set aside by the court.

Plaintiff alleged that, because of the failure upon the part of Jackson to carry out the contract, he was still the real and equitable owner of the letters patent and prayed for judgment canceling the contract, and that the defendants be required to surrender to him the assignment contract and the copy of the letters patent and for general relief.

Plaintiff's petition was sworn to, showing, among other things, "that the contract set up in the foregoing petition was wholly without consideration and that the consideration wholly failed."

Defendant S. B. Jackson filed a general demurrer and three special exceptions to the petition, but none were acted upon by the court and were therefore waived. Moore v. Woodson, 44 Tex.Civ. App. 503, 99 S.W. 116; Landrum v. Turney (Tex.Civ.App.) 239 S.W. 366; Bonner & Eddy v. Glenn, 79 Tex. 531, 533, 15 S.W. 572. That defendant also filed a general denial and a ·cross-bill against his codefendant, the corporation. alleging he had purchased the assets of

the corporation and was the owner and holder of the letters patent, under a promise to pay the indebtedness of the corporation, and asked that his title to the patent be quieted as against his codefendant.

The case was tried to the court without a jury, and, while there is no statement of facts before us, the court filed his findings of fact and conclusions of law. These findings of fact were in substance as follows:

(1) That the contract of assignment with recitations therein pleaded was executed between plaintiff and defendant S. B. Jackson.

(2) That Jackson thereafter secured a charter for the Kemgas Cotton Seed Delinting Company, with a capital stock of $50,000, all subscribed and one-half paid in.

(3) That Jackson thereafter transferred the patent to the corporation in payment of one-half of the capital stock.

(4) That shortly thereafter a certificate for one-fourth of the capital stock was written out in the name of plaintiff and that he thereafter appeared on the stock books as owning that amount of the capital stock and that the plaintiff V. U. Cloer was the owner of one-fourth of the capital stock of the corporation.

(5) That on July 2, 1931, the secretary of state forfeited the charter of the corporation for nonpayment of the franchise taxes.

(6) That the corporation had incurred indebtedness in the amount of approximately $5,100, and on September 3, 1931, at a call meeting of the stockholders, an agreement was made with Jackson to transfer to him all of the assets of the corporation in consideration of him assuming all of its obligations; the plaintiff Cloer did not attend this meeting.

(7) The defendant Jackson attempted to operate the delinting plant of the defunct corporation at Iowa Park, Tex., but a fire destroyed the plant. Jackson organized another corporation at Grandfield, Okl.

There were other findings of fact which we deem unnecessary to refer to in view of the disposition we have concluded to make of this case.

The court filed his conclusions of law based upon the facts found; they were in substance as follows:

(1) That Jackson sufficiently complied with the contract with respect to issuing to Cloer 25 per cent. of the capital stock of the proposed corporation, and that thereafter Cloer owned 25 per cent. of the capital stock, Jackson owning the remaining 75 per cent.

(2) That, after the failure of the first corporation, one-fourth of the patent became vested in Cloer and the remaining three-fourths in Jackson, and they are joint owners of the patent in that proportion.

(3) That judgment should be rendered vesting each of such parties with such respective interests.

The judgment rendered was that plaintiff was the owner of an undivided one-fourth interest in the patent and defendant Jackson was the owner of the remaining three-fourths undivided interest and quieted the title to each in that proportion.

In his brief, plaintiff in error states that there is only one question before this court for determination, that is: "Was the trial court under the pleadings and findings in this case, authorized to give plaintiff (V. U. Cloer) an interest in the subject matter of the suit?" We agree with the suggestion and find ample assignments of error to authorize us to determine it.

It will be seen from what we have said that plaintiff instituted this suit to cancel the contract of assignment of the letters patent to defendant Jackson for the reasons set out in his pleadings and to have the title thereto vested in him. Revised Civil Statutes 1925, art. 2211, as amended by acts 1931, c. 77, § 1 (Vernon's Ann. Civ.St. art. 2211) provides: "The judgments of the court shall conform to the pleadings, the nature of the case proved and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled either in law or equity."

The prayer attached to plaintiff's petition was to the effect that the court should enter judgment that the corporation was insolvent and that the defendants be required to deliver up the original assignment contract, that is, the copy in their possession, as well as the copy of the patent, and for general and equitable relief.

■ The authorities cited by defendant Jackson in his brief are numerous, and they as well as many more decisions of the courts of this state hold, as is required by the above-quoted article of our statutes, that the judgment of the court must be supported by and in conformity with the pleadings.

The case of Grimes v. Norris (Tex.Civ. App.) 223 S.W. 718, 719, says in this connection: "It is a well-known rule that a plaintiff is limited in his recovery to the allegations made in his petition."

The Supreme Court said in case of Rich v. Western Union Tel. Co., 101 Tex. 466, 108 S.W. 1152, 1154: "Save in rare cases in which informal or incomplete allegations are cured by a verdict a plaintiff is not entitled to a judgment upon a cause of action not pleaded."

To the same effect are the cases of Long v. McCoy (Tex.Civ.App.) 294 S.W. 633; McCoy v. Long (Tex.Com.App.) 15 S.W.(2d) 234, and Wilks v. Kreis, 63 Tex. Civ.App. 527, 134 S.W. 838.

■ The judgment of the court did not cancel the contract of assignment between Cloer and Jackson, nor did it in any way give plaintiff the relief sought, but, without a cancellation or rescission of the contract of assignment, the court by its judgment gave to plaintiff Cloer an undivided one-fourth interest in the letters patent, describing it as in plaintiff's petition, and to defendant Jackson the remaining three-fourths.

In his findings of fact we have seen the court found under the testimony that the assignment to Jackson was made, the corporation formed, and that he in turn caused 25 per cent. of the capital stock of the corporation to be issued to Cloer, this is all Jackson contracted to do; and that Cloer thereafter was the owner of those certificates of stock. The ownership alone of these shares of stock by Cloer would not entitle him to a partition or division of the assets of the corporation upon his demand for such.

The court's findings further indicate that prior to the institution of this suit Jackson had purchased from the other shareholders, whether they be the owners of the entire remaining 75 per cent. of shares or not, the record does not disclose, the assets of the corporation, which must have included the letters patent and that Cloer had never questioned the ownership of Jackson until shortly prior to the institution of this suit, and that Jackson had formed another corporation in Oklahoma,

apparently for the same purpose the Texas corporation had been formed, but it is not disclosed whether Jackson had assigned the letters patent to the Oklahoma corporation or not.

It is difficult for us to determine upon what theory the learned trial court vested in plaintiff an undivided one-fourth interest in the letters patent without first having canceled and dissolved the assignment contract by which he conveyed the patent to Jackson.

Assignments of error Nos. 2, 3, 4, and 7 complain that, under the pleadings and facts found, the court was not warranted in vesting title to an undivided one-fourth interest in the patent in plaintiff. We sustain these assignments and hold the judgment rendered cannot be sustained by the pleadings and facts found.

In the absence of a statement of facts, we are unable to tell how fully the case was developed upon the trial, and for the errors assigned we will reverse the judgment of the trial court and remand the cause.

### On Motion for Rehearing.

By our original opinion in this case, we reversed the judgment of the trial court and remanded the cause for another trial. Plaintiff in error (defendant below) in his motion for rehearing complains that we remanded the case when we should have rendered judgment for him against defendant in error (V. U. Cloer, plaintiff below), and leave the judgment rendered between plaintiff in error and his codefendant Kemgas Cotton Seed Delinting Company undisturbed.

The findings of fact filed by the trial court showed conclusively that plaintiff in error had in fact formed a Texas corporation and procured a charter therefor; that defendant in error had conveyed to the corporation the letters patent which became an asset of the corporation, and that, after the creation of the corporation, 25 per cent. of the capital stock was in turn conveyed to defendant in error which fully performed the obligations of plaintiff in error under the terms of the contract pleaded by defendant in error on instituting the suit. Based on his findings of fact, the trial court concluded, as a matter of law, that defendant in error was entitled to recover title to an undivided 25 per cent. interest in the letters patent, in that plaintiff in error should be quieted in his title to the remaining 75 per cent. interest therein. Judgment was rendered on these conclusions of law and so entered. The judgment was not in conformity with the case pleaded nor agreeable with the facts found. Under the facts found, the trial court should have entered judgment for the defendant below.

In the absence of a statement of facts, as in this case, we are bound by the facts found by the trial court. From the facts so found, it is evident that defendant in error not only did not prove his case as alleged, but that the plaintiff in error disproved it, establishing to the satisfaction of the court that he performed the contract he had undertaken, and defeated the right of defendant in error to have the contract rescinded. We remanded the cause primarily because we could not know from the facts found by the court whether the case had been fully developed upon the trial.

Rev.Civ.Statutes, art. 1856, provides: "When the judgment or decree of the court below shall be reversed, the court shall proceed to render such judgment or decree as the court below should have rendered, except when it is necessary that some matter of fact be ascertained or the damage to be assessed or the matter to be decreed is uncertain, in either of which cases the cause shall be remanded for a new trial."

A very careful examination of the authorities construing and applying the above article of the statutes leads us to believe we were in error in its application to this case. We perceived from the record that little or no evidence was adduced by defendant in error to sustain his contention, but that such as was before the court was that offered by plaintiff in error, or else the court had erroneously interpreted it. But it seems to be the rule of law in this state as laid down by our Supreme Court that, unless it appears from the record of the trial below that a party has been deprived of some right by an improper ruling of the court, or for failure to produce evidence because of a legitimate and legal excuse for not having done so, the cause should not be reversed and a new trial required.

In the case of Sovereign Camp, Woodmen of the World, v. Patton, 117 Tex. 1, 295 S.W. 913, 915, it was said: "The statute quoted (article 1856) is in its terms mandatory. While conferring a power on

the Courts of Civil Appeals, it also created a rule of practice for their direction. The evident purpose of the statute was two-fold: First, to require such courts to finally dispose of cases submitted to them, and thus save the time and expense of repeated hearings, where the same could be done with substantial justice to the parties, and without disregarding the substantial rights of either; and also to secure to the complaining party the full benefit of the judgment improperly denied to him by the lower court. The obligation to do so in a proper case has been clearly recognized and is not to be lightly disregarded. Any discretion which the courts may exercise in construing and applying the exception branch of the statute is a judicial, and not an arbitrary, one. In some cases the Courts of Civil Appeals have no option."

Further commenting on the exceptions in the same case, the court says: "If the record also showed that such erroneous view of the law caused the trial court to refuse to permit defendants in error to fully develop their case, then this cause should be remanded for a new trial. Hanks v. Hamman (Tex.Com.App.) 289 S.W. 993. Chapman v. Witt, supra [(Tex. Civ.App.) 285 S.W. 331]."

Again: "Defendants in error have not been denied any advantage which they would have in a second trial of the case, except that of having another chance of a verdict in their favor. They were denied no right by the trial court of which they complain here."

The rule announced in the W. O. W. v. Patton Case, supra, has been consistently followed by the cases of Davis v. National Bond & Mortgage Corporation (Tex.Civ. App.) 45 S.W.(2d) 272; Smith v. El Paso & N. E. Ry. Co. (Tex.Civ.App.) 67 S.W. (2d) 362, 367. In the last-cited case the court said: "The want of uniformity in the opinions seems to result from the application the courts make of the exceptions set out in the statute quoted, and which the Supreme Court, in the case from which we have quoted [Sovereign Camp, W. O. W., v. Patton], says 'have definitely qualified the peremptory character of its initial provision' of the statute."

Other authorities cited by plaintiff in error in his motion, bearing upon the question, are Arkansas Fertilizer Co. v. Bank, 104 Tex. 187, 135 S.W. 529; Tripplehorn v. Ladd-Hannon Oil Corporation (Tex.Civ.App.) 8 S.W.(2d) 217, 222.

There is nothing in the record before us to indicate that defendant in error was in any way dissatisfied with the findings of fact by the trial court, and nothing to indicate he was deprived of the introduction of any evidence tendered. In fact, he filed no brief in this appeal and did not appear by counsel and present an oral argument upon the submission of the case to this court. As stated in the language of the court in Tripplehorn v. Ladd-Hannon Oil Corporation, supra: "There is nothing in the record to indicate that the trial court by any ruling induced the appellee upon the trial of this case to forego any right or remedy."

It was said in Benavides v. Benavides (Tex.Civ.App.) 218 S.W. 566, 569 (writ refused): "Appellee was satisfied with the findings of fact, and no effort to alter, amend, or add to them was made, and, those findings not supporting the judgment, there is no call for remanding the cause. It must be considered on those findings which appellee deemed were sufficient to uphold the judgment of the court."

For the reasons shown, the motion of plaintiff in error for rehearing is granted and that part of our original opinion remanding this cause for another trial is withdrawn, and, upon our order of reversing the judgment of the trial court, judgment is here rendered for plaintiff in error, without in any way disturbing the judgment rendered as between the defendants below from which no appeal was taken.

Motion for rehearing granted and cause reversed, and judgment rendered as per this opinion.