**RUBIO v. FIRST NAT. BANK OF FORT WORTH. (No. 11100.)**

(Court of Civil Appeals of Texas. Fort Worth. March 14, 1925.)

**1. Banks and banking ⚖═►148(1)—Bank charging depositor's checking account with amount of forged check is liable to depositor for such amount.**

Bank charging depositor's checking account with amount of forged check is liable to depositor for such amount.

**2. Banks and banking ⚖═►154(8)—Cashier's acceptance and charging of forged check against depositor's account sufficient to meet it establishes depositor's loss in amount of such check.**

Cashier's acceptance and charging of forged check against depositor's account sufficient to meet it establishes depositor's loss in amount of such check:

**3. Appeal and error ⚖═►1175(6)—Final judgment rendered on answer to special issue.**

Where, on answer to special issue that check was forged, court erroneously found that bank was not liable to depositor, judgment for depositor will be entered on appeal.

Appeal from Tarrant County Court; H. O. Gossett, Judge.

Suit by Mrs. V. Rubio against the First National Bank of Fort Worth. Judgment for defendant, and plaintiff appeals. Reversed and rendered.

Houtchens, Clark & Harrington, of Fort Worth, for appellant.

McLean, Scott & Sayers, of Fort Worth, for appellee.

CONNER, C. J. Briefly stated, Mrs. V. Rubio, appellant, instituted this suit against the First National Bank of Fort Worth to recover the sum of $200, alleged to have been wrongfully paid out by the bank upon a forged check. The case was tried before a jury and submitted upon a single special issue, to wit: "Did V. Rubio sign the check in evidence?" To this issue the jury answered, "No."

Both the plaintiff and defendant requested the entry of judgment upon the answer of the jury in her or its favor. The court granted the request of the appellee bank and entered judgment that plaintiff take nothing, from which she, as the legal representative of V. Rubio, deceased, has appealed.

[1, 2] Appellee has presented no brief in this case, and we do not understand upon what theory the court entered judgment in the bank's favor. Possibly it was upon a theory presented in appellant's motion for an entry of judgment in its favor to the effect that the plaintiff had failed to show that she was damaged. But we do not think the judgment can be sustained on any such theory. It is undisputed in the evidence that a check purporting to have been signed by appellant was presented to the cashier of the appellee bank, and that the said cashier paid said check, charging the same to V. Rubio's account. There can be no other conclusion drawn from these facts than that V. Rubio had that amount of money deposited in the appellee bank, and, if it was paid out upon a forged check, as the jury found and as there is ample evidence to show, the bank undoubtedly is liable to appellant for the money so paid out. We note that in the statement of facts no detailed statement appears that the appellant had on deposit in that bank any sum of money, but, when an effort was made by appellant's counsel to interrogate Mr. Wallerich, assistant cashier of appellee bank, as to whether Rubio had an account in that bank, counsel for appellee objected "as ab-

solutely * * * to be immaterial in this case; * * * the whole question here is whether or not it is a forged check." It is evident that the entire case was tried upon the theory that Rubio had an account in the bank sufficient to meet the check, and the cashier's acceptance of the check and charging the amount as above stated is sufficient evidence of the fact that the bank paid out and charged to V. Rubio the $200 which rightfully belonged to him.

[3] We conclude that upon the verdict of the jury the judgment should have been for appellant, and the judgment is accordingly reversed and here rendered in her favor in the sum of $200, with interest thereon at the legal rate from the 31st day of March, 1921, and all costs of court. See Waller v. Liles, 96 Tex. 21, 70 S. W. 17; Four Brotherhood Oil Co. v. Kelley (Tex. Civ. App.) 235 S. W. 604; article 1986, Revised Statutes.