WESTERN UNION TELEGRAPH CO. v. CATES. (No. 698—4620.)

(Commission of Appeals of Texas, Section B. Feb. 23, 1927.)

**1. Telegraphs and telephones ☞37(10)— Failure to exercise ordinary care to service message mistakenly addressed did not constitute cause of action, independent of failure to deliver.**

Where telegraph company mistakenly addressed message and failed to deliver it, sender's cause of action was for negligence in failing to deliver message and failure to exercise ordinary care to service message did not constitute an independent cause of action.

**2. Telegraphs and telephones ☞51—Where sender's negligence contributed to failure to deliver telegram mistakenly addressed, sender could not recover for failure to deliver.**

Where sender was guilty of contributory negligence in writing message and his contributory negligence proximately contributed to failure to deliver message mistakenly addressed, plaintiff could not recover damages resulting from failure to deliver.

**3. Appeal and error ☞747(2)—Where appellee filed no cross-assignment attacking finding and asking review of it, Court of Civil Appeals could not set aside finding.**

Where appellee's brief showed no cross-assignment attacking finding on special issue by jury and asking review of it, Court of Civil Appeals could not set aside finding, whatever its opinion as to sufficiency of evidence.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Action by W. V. Cates against the Western Union Telegraph Company. Judgment for plaintiff was affirmed by the Court of Civil Appeals (282 S. W. 661), and defendant brings error. Reversed and rendered.

Roscoe Wilson, of Lubbock, and Wm. H. Flippen, of Dallas, for plaintiff in error.

Robt. H. Bean and Bean & Klett, all of Lubbock, for defendant in error.

SPEER, J. The writ of error herein has been granted to review the decision of the Court of Civil Appeals for the Seventh district, affirming a judgment of the district court, in a death message case against the Western Union Telegraph Company. 282 S. W. 661. The defendant in error sued plaintiff in error to recover damages for negligence in failing to transmit and deliver a certain message and for negligence in failing to service such message upon inability to deliver it. Plaintiff's mother died at ·Goose Creek, Tex., and A. L. Cates, his brother, sent to him at Lubbock, Tex., over the defendant's lines, a message as follows:

"Mother is dead. Arrive home 3 p. m. tomorrow."

Upon receipt of this message plaintiff attempted to send a message to A. J. Adrian, a friend of the family, who resided at Ben Wheeler, Tex., saying:

"We will reach Wills Point on train to-morrow night. Meet us."

Wills Point is the railroad station nearest to Ben Wheeler. At the request of plaintiff, the defendant's operator at Lubbock prepared the message and mistakenly addressed it to A. J. Evans.

The telegraph company pleaded the contract was a written contract; that the operator was, for the purpose of preparing the message, the agent of plaintiff; that there was a stipulation upon the blank form upon which the message was written to the effect that the company would not be liable for damages unless the claim was presented, in writing, within 95 days after the cause of action should accrue; that such stipulation was reasonable; and that plaintiff did not present his written claim until more than 95 days after his cause of action accrued.

The defendant also pleaded contributory negligence on the part of plaintiff, and the cause was submitted upon special issues as follows:

"(1) Was the plaintiff prevented from attending his mother's funeral because of the defendant's alleged failure, if any, to use ordinary care in undertaking to notify the plaintiff of the nondelivery of the telegram to A. J. Adrian."

To this the jury answered, "Yes."

"(2) What amount of damages, if any, do you find in favor of the plaintiff? Answer in dollars and cents."

They answered, "$500."

At the request of defendant, its special issue No. 1 was submitted as follows:

"(a) Did plaintiff file or cause to be filed, in writing, a claim for damages, if any be sustained, within 95 days after the cause of action of plaintiff, if any he has, accrued? Answer: Yes.

"(b) Was a period of 95 days from the date of the message in suit a reasonable time in which plaintiff could file in writing his claim for damages, if any, he sustained? Answer: Yes."

Also, there was submitted at the defendant's request its special issue No. 2 as follows:

"(a) Was plaintiff or his agent guilty of negligence in writing the message for transmission at Lubbock, Tex.? Answer: Yes.

"(b) If you answer the preceding subdivision, 'Yes,' then did such negligence on his part or the part of his agent, if any, contribute to cause the failure to deliver the message in suit? Answer: Yes."

Upon this verdict the trial court rendered a judgment for the plaintiff in the sum of $500, with interest, which judgment, as has been stated, was affirmed by the Court of Civil Appeals. The opinion of that court states:

"While the jury found that plaintiff was guilty of contributory negligence—a finding which we are not able to approve—nevertheless it can have no bearing upon this branch of the case."

The case was affirmed upon the defendant's negligence in failing to service the message.

[1, 2] This is an erroneous view of the defendant in error's real cause of action. His real case was an action for damages for negligence in failing to deliver the message sent by him. Aside from this, he had no case. Aside from this, the telegraph company owed him no legal duty. The failure of the telegraph company to exercise ordinary care to service the message under the circumstances was but the particular negligence through which it breached its duty to deliver the message. It was not, within itself, any cause of action whatever. Its negligence in this respect cannot be divorced from the only cause of action alleged so as to constitute a ground of recovery, or cause of action, independent of the failure to deliver. The jury having found that the plaintiff was guilty of contributory negligence in writing the message in the first place, and that such negligence contributed to cause the failure to deliver the same, the plaintiff was thereby necessarily precluded from a recovery. His contributory negligence proximately contributed to the only injury he has received, the failure to deliver the message in question, and the negligence of the company in failing to service the message was but a sequence to its major undertaking to deliver. If defendant in error is permitted to recover at all, it is at last because of the company's negligence in failing to deliver the message prepared by him, and he cannot recover in this respect because of his own contributory negligence. Hargrave v. Western Union Tel. Co. (Tex. Civ. App.) 60 S. W. 687; Western Union Tel. Co. v. Rawls (Tex. Civ. App.) 62 S. W. 136; Western Union Tel. Co. v. Hicks (Tex. Com. App.) 265 S. W. 381.

For this reason, the judgment of both courts should be reversed.

[3] In view of the statement of the Court of Civil Appeals, already quoted, that it was not able to approve the finding of contributory negligence, we have considered whether judgment should be here rendered or whether the cause should be remanded to that court for a review of that finding. To this end we have examined the brief for appellee filed in the Court of Civil Appeals, and there is no cross-assignment by him attacking such finding and asking a review of it. In this state of the record the Court of Civil Appeals would not be authorized to set aside the finding, whatever its opinion as to the sufficiency of the evidence. So that, it would be a useless thing to remand the cause to that court.

We therefore recommend that the judgments of the district court and of the Court of Civil Appeals be reversed and judgment be here rendered that the defendant in error take nothing by his suit.

CURETON, C. J. Judgments of the District Court and Court of Civil Appeals both reversed, and judgment rendered for the plaintiff in error, as recommended by the Commission of Appeals.