SOVEREIGN CAMP, W. O. W., v. PATTON et al. (No. 4804.)

Special Supreme Court of Texas. June 3, 1927.

1. Death ⊜⇒2(1)—Absence from state need not be shown to invoke presumption of death arising from seven years' absence (Rev. St. 1925, art. 5541).

It is unnecessary to show absence from state to invoke presumption of death arising, under Rev. St. 1925, art. 5541, from seven years' absence.

2. Death ⊜⇒4—Evidence held to sustain finding insured absentee was alive.

In action on beneficiary certificate, evidence *held* sufficient to sustain finding that insured, who had been absent for seven years, was alive, so as to preclude recovery.

3. Appeal and error ⊜⇒1175(1)—Discretion of appellate courts, on reversing, to render judgment or to remand for new trial, is judicial, and not arbitrary, one (Rev. St. 1925, art. 1856).

Rev. St. 1925, art. 1856, providing that appellate court, in reversing, shall render such judgment as court below should have rendered, except that, when necessary to ascertain question of fact or damage, or matter to be decreed is uncertain, cause shall be remanded for new trial, is in terms mandatory, and, while conferring power on Courts of Civil Appeals, also creates rule of practice for their discretion, and any discretion which they may exercise in construing and applying the exception is a judicial, and not an arbitrary, one, consisting in right to determine when exception to general rule applies, and not in right to apply the rule or not as they deem best, where record clearly brings case within the general terms of the statute.

4. Appeal and error ⊜⇒1175(1)—Statute requiring court, in reversing, to render judgment, is to save time and expense of repeated hearings, and to secure full benefit of judgment improperly denied (Rev. St. 1925, art. 1856).

Provision of Rev. St. 1925, art. 1856, requiring court on reversing to render such judgment as lower court should have rendered, except in certain cases when cause shall be remanded for new trial, was to require appellate courts to finally dispose of cases submitted to them, and thereby save time and expense of repeated hearing, if this can be done with substantial justice, and also secure to complaining party the full benefit of the judgment improperly denied to him by the lower court.

5. Appeal and error ⊜⇒1175(5)—Where issues have been properly pleaded and reasonably developed, jury's verdict is binding, in absence of exception or cross-assignment, and it is appellate court's duty to render proper judgment (Rev. St. 1925, art. 1856).

Rule that, under Rev. St. 1925, art. 1856, Court of Civil Appeals, in reversing, will remand for new trial when case was not fully developed and judgment of appellate court would work hardship on appellee, and deny him a right or remedy of which he could have availed himself, but for trial court's error, does not apply where issues have been properly pleaded and reasonably well developed by the evidence and fairly submitted to jury with a verdict for appellant on controlling issue, and, in absence of exception or cross-assignment, parties are bound by verdict, and, if judgment is not rendered in accordance with verdict, it is duty of Court of Civil Appeals to render judgment which should have been rendered.

6. Appeal and error ⊜⇒1175(5)—Judgment for beneficiary on insurance certificate, properly reversed because contrary to jury's finding, should have been rendered (Rev. St. 1925, art. 1856).

Where judgment for plaintiff suing on beneficiary certificate issued on life of one absent for seven years was properly reversed by Court of Civil Appeals because contrary to finding of

jury, and record showed that plaintiffs were not deprived of any right or advantage which they would have had on second trial except that of having another verdict in their favor, and they took no exception or cross-assignment, *held* that, under Rev. St. 1925, art. 1856, judgment should have been rendered by Court of Civil Appeals.

**7. Death ⊜4—Death of insured absentee could be proved by direct or circumstantial evidence, or by facts invoking statutory presumption (Rev. St. 1925, art. 1856).**

Death of insured, presumed by absence for over seven years, could have been proved, either by direct testimony, by circumstantial evidence without regard to presumption arising, under Rev. St. 1925, art. 1856, or by proving facts necessary to bring case within statute.

**8. Appeal and error ⊜1094(2)—Jury fact finding, sustained by any evidence and approved by Court of Civil Appeals, is binding on Supreme Court.**

Fact finding of jury, sustained by any evidence and approved by Court of Civil Appeals, is binding on the Supreme Court.

**9. Insurance ⊜825(3) — Evidence showing reason for insured's absence for over seven years held to raise jury question as to whether he was dead or alive (Rev. St. 1925, art. 5541).**

Evidence tending to show reasons for insured's absence for over seven years *held* sufficient to raise issue for jury as to whether insured was dead or alive, notwithstanding presumption created by Rev. St. 1925, art. 5541.

Error to Court of Civil Appeals of Fifth Supreme Judicial District.

Action by Emily J. Patton and others against the Sovereign Camp, Woodmen of the World. A judgment for plaintiffs was reversed, and cause remanded by the Court of Civil Appeals (290 S. W. 237), and defendant brings error. Affirmed in part, and reversed and rendered in part.

Gresham, Willis & Freeman and Alvin H. Lane, all of Dallas, for plaintiff in error.

C. M. Cocke, of Dallas, for defendants in error.

HICKS, Special Chief Justice. This suit was filed by the defendants in error to recover on a benefit certificate issued by plaintiff in error on the life of William Thomas Patton, the father of defendants in error. Plaintiff in error admitted issuance of the certificate, but denied that the insured was dead, and the issue thus made by the pleading was the main issue in the trial court. Defendants in error relied for proof of death of the insured on the presumption created by article 5541, Revised Civil Statutes 1925, from the continued absence for seven years of the insured without proof of any fact tending to show that he was alive during such time, and other circumstantial evidence.

There was evidence to show that the insured had been living with his family, consisting of his wife and children, in Dallas, prior to the time he was last heard from; that he was a jitney driver, and left home on the 13th day of April, 1916, for the purpose of driving a load of passengers to Fort Worth; that he wrote his wife a letter from the latter place on the 16th day of April, 1916; and that no word had been received by his family from him or as to his whereabouts since that date.

It was also in evidence that his domestic relations were not pleasant; that his wife had taken him to task because of his alleged association with other women; and that the last news she had of him was the letter written from Fort Worth to her, inclosing a small sum of money, and stating that he did not intend to return to her. There was also evidence that a man bearing the same name had been indicted on a felony charge in Dallas county soon after the insured left home, and that his wife obtained a divorce from him about a year later on the ground of his association with other women.

The case was submitted to a jury on special issues, and in reply thereto the jury found the following facts to be true: (a) That the insured was living at the time of the trial; (b) that he had absented himself since April 13, 1916; (c) that at the time he left he intended to remain away permanently; (d) that he was last heard from by his family on April 16, 1916; and (e) that he was in good standing in the insurance association.

Upon the return of this verdict plaintiff in error filed a motion for a judgment in its favor, and defendants in error filed a similar motion in their own behalf. Disregarding the finding of the jury on the first issue, the trial court entered judgment for defendants in error. Thereupon plaintiff in error prosecuted its appeal upon three grounds: That the jury had found that the insured was alive; that the evidence failed to show that he had absented himself from the state of Texas; and that proof of his absence from his home in Dallas was not material, since the undisputed evidence showed that he abandoned his residence there.

[1, 2] The Court of Civil Appeals very properly held that it was unnecessary for defendants in error to show that the insured was absent from the state of Texas in order to invoke the presumption created by the statute above mentioned. That court further found, as we believe correctly, that there was evidence to sustain the finding of the jury as to the insured being alive at the time of the trial, and that, because of such finding, "judgment should have been rendered for appellant."

Because of the error of the trial court, the Court of Civil Appeals thereupon reversed the judgment of the lower court, and remand-

ed the case for a new trial. All members of the court were agreed that the judgment of the trial court should be reversed, but divided upon the question of remanding the case or rendering judgment for appellant; the majority holding that the case should be remanded for a new trial. Justice Vaughan, in a dissenting opinion, contended that the Court of Civil Appeals should have rendered judgment for appellant. Upon this dissent the writ of error was granted. So the principal, if not the sole, question before this court, is whether the Court of Civil Appeals erred in remanding the case for a new trial instead of rendering judgment for the appellant.

The solution of that question in turn involves the proper construction of all provisions of article 1856, R. S. 1925, which reads as follows:

"When the judgment or decree of the court below shall be reversed, the court shall proceed to render such judgment or decree as the court below should have rendered, except when it is necessary that some matter of fact be ascertained or the damage to be assessed or the matter to be decreed is uncertain, in either of which cases the cause shall be remanded for a new trial."

It will be observed that the first portion of this article lays down the general rule of procedure to be applied by a Court of Civil Appeals in reversing the trial court, while the latter portion thereof, in the form of an exception to the general rule, creates and directs a different procedure.

In applying this statute to the facts of given cases, the courts have developed the two rules of procedure, at times giving force to the first portion of the statute, and at others applying the last. The construction which serves to make the exception control the general provision is definitely and clearly stated by Justice Speer of the Commission of Appeals, Section B, in case of Associated Oil Co. v. Park, 277 S. W. 1043, from which we quote:

"There is no reason to suppose this testimony cannot be supplied upon another trial, and it would be highly inequitable for us to render judgment, or what is the same thing, in effect, to affirm the judgment of the Court of Civil Appeals, and thus deprive plaintiffs-in-error of the opportunity to meet this defect in their case. It is the rule, where a judgment has been reversed, to remand to the trial court rather than to render, where the ends of justice will be better subserved thereby. Such remanding has often been ordered to supply additional testimony, to amend the pleadings, and even to show jurisdiction."

Other authorities to the same effect are: Chapman v. Witt (Tex. Civ. App.) 285 S. W. 331; Ford Motor Co. v. Nashville Fire Insurance Co. (Tex. Civ. App.) 285 S. W. 905; Faulkner v. Reed (Tex. Com. App.) 241 S. W. 1002.

A decision in the case at bar will require us to determine which of the two rules, or which of the two portions of the statute, is applicable in this case.

[3, 4] The statute quoted is in its terms mandatory. While conferring a power on the Courts of Civil Appeals, it also created a rule of practice for their direction. The evident purpose of the statute was twofold: First, to require such courts to finally dispose of cases submitted to them, and thus save the time and expense of repeated hearings, where the same could be done with substantial justice to the parties, and without disregarding the substantial rights of either; and also to secure to the complaining party the full benefit of the judgment improperly denied to him by the lower court. The obligation to do so in a proper case has been clearly recognized and is not to be lightly disregarded. Any discretion which the courts may exercise in construing and applying the exception branch of the statute is a judicial, and not an arbitrary, one. In some cases the Courts of Civil Appeals have no option. Their proper discretion consists in their right to determine when the exception to the general statutory rule applies, and not in their right to apply the rule, or not, as they deem best, where the record is such as to clearly bring the case within the general terms of the statute. Under the exceptions set out in the article quoted, the appellate courts have definitely qualified the peremptory character of its initial provision, but, as we believe, with no intention of questioning their right and obligation to apply the general rule created by the statute in those cases to which it is properly applicable.

[5] The limits of this opinion will not permit a discussion of the cases where the second or exceptional rule of procedure has been applied; but we believe it will be found that in each of them the record showed that it would have been inequitable to render judgment for appellant and thereby settle the case in the appellate court, for the reason that, because of the limited scope of the pleading or evidence, the case had not been properly developed.

Broadly speaking, excluding cases in which the appellate court could not properly render judgment for lack of a finding of fact in the trial court, they were cases where the appellees, because of some excusable misapprehension of the law or facts or some ruling or disposition made of the case by the trial court, failed or were not permitted to present all of their grounds of recovery or of defense or to support the same by some evidence which the record showed to have been available, or probably so. In other words, they were cases which the record showed had excusably been not fully developed, and in which the appellees had not availed themselves of all of the rights and remedies which would be open to them in the event of a new trial. By way of

illustration, this condition of the record would appear in a case where the Court of Civil Appeals reverses a judgment on the ground that the pleading of appellee was not sufficient on an issue which he could have properly pleaded; in a case where secondary evidence was held to have been erroneously admitted, when primary evidence was available; and in a case where the judgment was reversed because of error in holding the evidence of appellant not sufficient to raise an issue which might have been met by the appellee, but was not because of the ruling of the trial court. In each of these instances it will be seen that the cases were not fully developed, and a judgment of the appellate court would have worked a hardship upon appellee and denied him a right or remedy of which he could, and would naturally, have availed himself but for the error of the trial court. Chapman v. Witt (Tex. Civ. App.) 285 S. W. 331.

It is to these classes of cases that the rule growing out of the statutory exception and set out in the opinion of Justice Speer, above quoted, applies. This rule should have no application to a case where the issues have been properly pleaded, have been reasonably well developed by the evidence, and then clearly submitted to a jury, with a verdict rendered in favor of appellant on the controlling issue in the case, and where the record fails to show that the appellee took any exception to, or filed any cross-assignment of error on, any part of the proceedings in the trial court. Under such circumstances the trial court, as well as the parties, is bound by the verdict of the jury, unless and until same is set aside on proper grounds; and, if judgment is not rendered by the trial court in accordance with the verdict, it is the duty of the Court of Civil Appeals to render the judgment which should have been rendered below.

[6] Applying these conclusions to the case at bar, we find that the petition in the trial court alleged, in substance, that the father of plaintiffs, William Thomas Patton, held a life insurance certificate in defendant association; that the said Patton had mysteriously disappeared on the 13th day of April, 1916; that he had not been heard from since April 16, 1916, and was dead, thereby rendering the defendant liable, under the terms of the certificate, for the amount of the same with interest. The defendant association filed a general denial, putting in issue the material allegations of the petition. Upon the issues thus made the parties went to trial, introducing what testimony they had been able to obtain bearing on the disappearance and continued absence of the insured since April, 1916, and the circumstances under which and reasons why he left home. Following a charge presenting special issues, to which defendants in error took no exception, the jury found the facts above set out. First among these was the controlling fact that the insured was not dead at the time of the trial. Assuming that Patton held a certificate in the insurance association, and was in good standing, the question of whether he was alive or dead was the only material issue in the case. The others were merely evidentiary in character. They were properly considered by the jury in determining the main issue, but were by no means controlling.

[7] The death of the insured might have been proved either by direct testimony, by circumstantial evidence without regard to the statutory presumption, or by proving the facts necessary to bring the case within the terms of the statute. There was no direct evidence of Patton's death, but there were circumstances proven from which the jury might have found in favor of defendants in error without reference to the statutory presumption.

It is true that the record shows that the trial court, as well as counsel for defendants in error, was of the opinion that proof of the absence of the insured for a period of seven years without any tidings from him authorized the court to conclusively presume that he was dead. On no other ground could the trial court have rendered judgment for defendants in error in the face of the finding of the jury that the insured was living at the time of the trial.

If the record also showed that such erroneous view of the law caused the trial court to refuse to permit defendants in error to fully develop their case, then this cause should be remanded for a new trial. Hanks v. Hamman (Tex. Com. App.) 289 S. W. 993; Chapman v. Witt, supra. Such, however, is not the case. There is nothing in the record to indicate that the error referred to induced defendants in error to forego any right or remedy, either of law or fact, to which they were entitled under the pleadings. On the contrary, the trial court apparently did not reach the conclusion referred to until after the case had been submitted to the jury, since, otherwise, he would have instructed a verdict instead of asking the jury to find whether Patton was living or dead.

The plaintiffs took no exception either to the fact of the submission of the main issue or to the form in which the same was submitted. No cross-assignment of error appears in the record attacking the action of the court in that respect. Defendants in error must be presumed to have been satisfied with it. Unless the verdict is not sustained by the evidence or is so contradictory in its terms as to be void, it must stand.

[8] The Court of Civil Appeals found that there was evidence to sustain the finding that the insured was not dead; and, if there was any evidence to sustain the finding, it is binding on this court.

[9] There was no evidence of any tidings of the insured since April 16, 1916, but there was evidence tending to show a reason for his absence. This is set out above, and was sufficient to make an issue for the jury as to whether the insured was dead or alive. Sovereign Camp, W. O. W., v. Robinson (Tex. Civ. App.) 187 S. W. 215; Sovereign Camp, W. O. W., v. Piper (Tex. Civ. App.) 222 S. W. 649; Sovereign Camp, W O. W., v. Rendich (Tex. Civ. App.) 158 S. W. 170; Supreme Mystic Circle v. Hoskins (Tex. Civ. App.) 171 S. W. 812. This issue was determined in favor of plaintiff in error. The findings of the jury on the other issues are entirely consistent with their finding on the main issue. The issues were clearly defined by the pleadings and the evidence reasonably well developed.

The evidence was not confined to such testimony as was necessary to create the presumption of death under the statute. It included evidence of other circumstances tending to show that Patton may have died of injuries received after he left home. This evidence was presumably considered by the jury, and found to be, in their opinion, insufficient to show that he was dead.

Defendants in error have not been denied any advantage which they would have in a second trial of the case, except that of having another chance of a verdict in their favor. They were denied no right by the trial court of which they complain here.

The court is cited by defendants in error to no ground of recovery or no scrap of evidence of which they failed to avail themselves on the trial below. There is (if there could be here) no claim of newly discovered evidence and no reason for remanding this case that would not exist on any subsequent appeal from a similar verdict. The only reason suggested, and that by the Court of Civil Appeals, consists in the mere chance of discovering some clue to the fate of the insured; a chance which must always exist on subsequent appeals until conclusive proof is made that he is either alive or dead. Such proof may never be forthcoming. It is at least a contingency of such uncertain character that this court cannot consider it any valid or tangible reason for remanding this case for a new trial.

Under the circumstances we are forced to conclude that plaintiff in error was entitled to have the Court of Civil Appeals render judgment in its favor instead of remanding the cause for a new trial, and that that court fell into error in failing so to do. Western Union Telegraph Co. v. Cates (Tex. Com. App.) 291 S. W. 193; Rubio v. First National Bank (Tex. Civ. App.) 270 S. W. 1037; First State Bank of Bangs v. Visart (Tex. Civ. App.) 259 S. W. 987; Way v. Guest (Tex. Civ. App.) 272 S. W. 217; St. Louis & S. W. Ry. v. Harrel (Tex. Civ. App.) 194 S. W. 971.

No substantial reason exists in this case for remanding that did not exist in each of the cases cited next above, and they are, in our opinion, ample authority for the conclusion reached by this court. Indeed, if sufficient reason exists to remand rather than render in this case, it occurs to us very few cases will be rendered, and the exception will become the general rule, and the general rule the exception.

We therefore conclude that so much of the judgment of the Court of Civil Appeals as reversed the judgment of the District Court should be affirmed, and that so much of said judgment as remanded this case to the district court for a new trial should be reversed, and judgment here rendered for plaintiffs in error, and it is so ordered.