### MARTIN v. HAYS et al.
### No. 2493.

Court of Civil Appeals of Texas. El Paso.
Feb. 19, 1931.

Rehearing Denied March 5, 1931.

S. N. Russell, of El Paso, for appellant.

Frank B. Clayton and A. W. Norcop, both of El Paso, for appellees.

WALTHALL, J.

Appellant, Robert A. Martin, brought this suit against Mave Moloney Hays and her husband, Harry H. Hays, to recover upon a written rental contract, of date April 1, 1923, by the terms of which appellant leased to Mave Moloney Hays for a period of five years, beginning September 1st, next thereafter, a certain brick building, its location described, "to be used for the purposes of a general automobile sales and repair business and for trade in electric batteries and automobile accessories, and not otherwise." The lease provides for a total rental of $5,640, to be paid in monthly installments stated, as same fall due; that lessee shall not assign the lease agreement without the written consent of lessor. The lease provides for re-entry and forfeiture of lease, at the option of lessor, on breach of any of the covenants in the lease. The lease is signed by appellant as lessor, and by appellee Mave Moloney Hays, as lessee, and witnessed but not acknowledged, and duly filed and recorded.

The petition declares upon the lease. It alleges that appellee Mave Moloney Hays occupied and used said premises and conducted therein the business for which it was leased and paid the agreed rental until February 28, 1926, when, without excuse, and with full knowledge, consent, and approval of appellee Harry H. Hays, she vacated said premises, moved her business and stock of merchandise therefrom, and refused to pay the balance of the annual rental owing for the remainder of the lease term, amounting to $2,940. The petition alleges that appellee Mave Moloney Hays executed said lease contract and rented said premises in which to conduct said business for the improvement, protection, presentation, betterment, and furtherance of her separate property, and that said premises were necessary to the operation, management, and control of her "said business," and that her separate property thereby becomes liable to appellant by reason of the breach of the contract for the damages suffered; that defendant Mave Moloney Hays, at the time of executing said contract, was and now is a married woman, and had and now has a separate estate, and that, in executing said lease and in conducting said business under the trade-name of Moloney Battery & Ignition Company, which was a trade-name for herself and her husband, Harry H. Hays, she acted for and on behalf of her separate estate and for her said husband, each acting jointly, and that as such they were partners in said business, and that each defendant and her separate estate became liable for said rental; that Harry H. Hays was entitled to receive the rents and profits of his wife's property and that he and his separate estate and his interest in the community estate are liable to appellant by reason of the breach of the lease contract by the wife; in the alternative, if mistaken that the business on said premises was the separate business and estate of the wife, then said business was community property, and the wife had the right to bind herself by the lease contract, and that her separate and community estate are liable. Appellant alleges that he succeeded in re-renting, said premises during a portion of the time and collected a total rental of $1,388, leaving a balance due of $1,552, for which he sues.

Appellee Mave Moloney Hays answered by general demurrer, general denial, special denial that in executing the lease or conducting the business in said premises she acted for her codefendant or as his agent; denies any partnership relation with her codefendant and that he was entitled to any of the use, rents, or profits in the business; denies that said business constituted or was a community property of herself and her codefendant, and denies that as such it was committed to her care and management; denies that her said husband had or exercised any control or management over said business or that he ratified or confirmed her acts in executing said contract; alleges that long prior to the execution of the lease contract sued on, and at all times since, she was

and has been a married woman, the wife of her codefendant, and that she has never had her disabilities as such removed, that at the time of her marriage to her codefendant she and her brother, James Moloney, were conducting a battery and automobile accessory business under the name of Moloney Battery & Ignition Company, and it was then and has at all times since been understood between herself and her codefendant that he was to have nothing to do with her said business, or any business conducted by her, and that the same and all profits, if any, shall constitute her separate property, and that he would not be liable for any debts or expenses incurred by her therein.

Appellee Harry H. Hays filed a separate answer, pleaded a general demurrer and general denial; denied' that he accepted, ratified, or confirmed the act of his codefendant in executing said lease contract; pleaded many of the facts as did his codefendant; alleged that' the obligation sued on was not contracted for necessaries.

Appellant filed a supplemental petition, pleading exceptions, some of which the court sustained, and which parts of the petition have been omitted. Appellant pleaded a general denial.

On the conclusion of the evidence appellant submitted a special charge instructing a verdict in his favor, which the trial court refused to give.

The case was submitted on two special issues, on which the jury answered that appellant used reasonable diligence to rent the property in question for the best price obtainable, and that the total amount of rent collected on said property from February 28, 1926, to August 31, 1928, was $1,388.

On the return of the verdict appellant filed a motion and tendered a judgment based on the verdict, which the court overruled, to which appellant excepted.

The court granted a motion of Harry H. Hays for judgment in his favor, and took under advisement a motion of Mave Moloney Hays for judgment in her favor, and later sustained her motion, and entered judgment for appellees.

The trial court made and filed findings of fact and conclusions of law as follows:

"1. All matters comprehended in the verdict are found in accordance therewith.

"2. Further, under the undisputed evidence, that by the failure of defendant, Mrs. Hays, to carry out the lease contract plaintiff suffered damages in the sum of $1,775.00, including to April 18th, 1930, at 6%.

"3. Defendant, Mrs. Hays, at the time of her marriage was possessed of personal property of the value of from five hundred to a thousand dollars, which is either her own separate estate or her community property over which she had the right of management or control.

"4. The evidence failed to raise the issue as to whether the lease in question was for the benefit or preservation of her separate property or merely incidental to her right to manage and control the same. The same is true if the property be deemed community property over which she had the right of exclusive management and control.

"5. The evidence conclusively established that the lease was executed by Mrs. Hays in the prosecution of a mercantile business."

Conclusions of law:

"1. A married woman is not bound on a lease for five years which she executed without the joinder of her husband, in order to pursue a mercantile business.

"2. On undisputed issues which are not comprehended in the verdict of the jury the judgment should be for the defendant.

"3. Let judgment be so entered."

### Opinion.

There are a few undisputed facts, and only a few, which, in our opinion, must control the disposition to be made of this case.

At the time the lease contract in this case was entered into and for several years prior thereto, Mrs. Mave Moloney Hays was a married woman, the wife of Harry H. Hays. They were not living separate and apart from each other, but, since their marriage, they have continuously lived together as husband and wife.

Mrs. Hays has never made application under article 4626, R. C. S., to be a feme sole, nor has she had a decree of the district court entered declaring her a feme sole for any mercantile or trading purposes.

The lease contract upon which the suit is brought is for a term of years, and provides the premises "to be used for the purposes of a general automobile sales and repair business, and for trade in electric batteries and automobile accessories, and not otherwise." Harry H. Hays did not join his wife in the execution of the lease contract, and is in no way connected with it. The lease contract is purely a lease for the use of a building for the mercantile business stated in the lease contract, and without reference to any specified separate property of Mrs. Hays or any community property in her control.

It is clear that the cause of action stated is for undischarged rent under the terms of the lease contract, and for nothing else, and is in no sense a contract for necessaries for herself and children, and is in no sense a contract incident to her power of exclusive management, control, and disposition of her separate property, or part of

the community property confided to her control, reasonably necessary to make such power effectual.

■ Now a married woman had no right at common law to contract, and in Texas any authority of a married woman to contract must be given by the Constitution or statute, expressly or by implication.

■ The undisputed facts clearly show that the cause of action asserted does not come within the provision of any statute of this state, under, or by the provision of which, a married woman, not joined by her husband, or not having her disability as a married woman removed, can be made liable. It is not necessary to refer to the many cases holding that, where the law has undertaken to define or state the purposes and methods by which a married woman may charge herself or her property, or any community property in her control, the party seeking to bind her or make her liable must bring such cause strictly within the statute which makes her liable.

It is useless to discuss whether a suit for rentals under a lease contract for a building to be used, as here, for general automobile sales and repair business, and for trade in electric batteries and automobile accessories, can be construed as a contract for necessaries for the wife and children, or as a contract in the exercise of her power of exclusive management, control, and disposition of the wife's separate property, or community property confided to her control.

■ One asserting the wife's liability must show the particular facts authorizing her to create such liability, such presumption does not arise by reason of the fact that she did so contract. Speer on Law of Marital Rights (3d Ed.) par. 210, and cases cited.

■ The only other question we will refer to is as to the power of the trial court to render judgment for defendants after having submitted the case to the jury on special issues, and the jury having found that appellant had used reasonable diligence to rent the property, and the amount of the rent collected. There was no controversy in the evidence on either fact, and such findings did not of themselves show liability. The court, in his findings, adopted the findings made by the jury, but evidently later concluded that defendants were not liable by reason of the law in such cases, and that the findings were immaterial. Sovereign Camp, W. O. W., v. Patton, 117 Tex. 1, 295 S. W. 913; First National Bank of El Paso v. International Sheep Company et al. (Tex. Civ. App.) 29 S.W.(2d) 513. Under those cases we think the record does not show reversible error on the proposition.

Finding no reversible error, the case is affirmed.