## OIL WELL SUPPLY CO. v. JOWELL et al.
### No. 12575.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 9, 1932.

Massingill & Belew and Homa Hill, all of Fort Worth, and Carrigan, King & Surles, of Wichita Falls, for appellant.

Weeks, Morrow, Francis & Hankerson and Mathis & Caldwell, all of Wichita Falls, for appellees.

DUNKLIN, J.

M. B. Jowell was engaged in the trucking business in the oil fields in and around San Angelo, Tex., where he temporarily resided on rented premises. He performed services for P. N. Arnold in hauling oil well supplies for him and had a running account with him for such work which showed charges made therefor and credits given for payments made thereon. While so engaged Jowell, at the instance of Arnold, hauled 3,068 feet of 6⅝" oil well casing belonging to Arnold from the oil fields, and stored the same on the rented premises occupied by Jowell. Later, Jowell contracted to sell the casing to the Wichita Falls Motor Company and to deliver the same to that company at its place of business in Wichita Falls at a contract price of 70 cents per foot, to apply on a debt which Jowell owed to that company for trucks purchased by him from it. He then hauled from San Angelo approximately 1,300 feet of the casing, and delivered it to the Wichita Falls Motor Company in pursuance of that contract with the company. Prior to such delivery, Arnold executed a bill of sale to the Oil Well Supply Company, whose place of business was in Wichita Falls, purporting to convey title to all of the 3,068 feet of casing mentioned above which had been stored on the premises occupied by Jowell in San Angelo. Under claim of title evidenced by the bill of sale, the Oil Well Supply Company made demand for the 1,300 feet of casing which had already been delivered to the Wichita Falls Motor Company by Jowell, and, upon that demand being made, the casing was turned over to the Oil Well Supply Company, and that company, under the same claim of title, also took the balance of the 3,068 feet of casing in controversy which was then in Jowell's possession on the premises occupied by him in San Angelo.

This suit was instituted by Jowell against both of the companies mentioned above to recover the market value of all of the 3,068 feet of casing which was alleged to be worth 70 cents a foot.

When properly construed, the allegations in plaintiff's petition showed that the suit was essentially for a conversion of the casing. In their answers, the defendants denied plaintiff's claim of title by purchase from Arnold, especially alleging that he had no title, and therefore could not maintain his suit for conversion. Further allegations were in substance that the Oil Well Supply Company ac-

quired title by bill of sale, which was superior to the title claimed by plaintiff. The Wichita Falls Motor Company filed a plea over against the Oil Well Supply Company to recover from the latter for any amount which the Motor Company might be adjudged to pay to the plaintiff.

There was a trial before a jury, and, upon findings returned by it, judgment was rendered in plaintiff's favor against the two companies jointly and severally for the sum of $910 and in favor of plaintiff against the Oil Well Supply Company for $1,237.60. And from that judgment the Oil Well Supply Company has prosecuted this appeal.

Special Issue No. 1 submitted to the jury, with its answer thereto, reads as follows: "Do you find from a preponderance of the evidence that P. N. Arnold sold and delivered the 6-⅝ths inch casing to Jowell to apply on or settle a debt, if any, to Jowell before Arnold sold the same casing to the Oil Well Supply Company? Answer: Yes."

Before the court submitted the special issues to the jury, the defendant, Oil Well Supply Company, presented, among others, an exception to special issue No. 1 on the ground that it was multifarious, in that it embodied three separate and distinct controverted issues of fact: (1) That P. N. Arnold was indebted to Jowell in a sufficient amount to cover the price of the casing at the time Jowell claims to have purchased it from him; (2) whether or not Arnold sold the casing to Jowell in settlement of the debt, if any, he was then owing; and (3) whether or not that sale was made before Arnold executed the bill of sale to the same casing to the Oil Well Supply Company.

According to the testimony of plaintiff Jowell, he held an account against Arnold for numerous items for trucking, upon which, on a specified date, there was a balance due him, and, in order to settle that balance, Arnold agreed with him that he (Jowell) might take over the casing and sell it for the best price obtainable, but not less than 70 cents a foot, and retain so much of the purchase price as was necessary to settle the account and turn over to Arnold the balance remaining. According to his further testimony, he elected to sell the casing for his own benefit to the Wichita Falls Motor Company, who was pressing him for a debt he owed to that company, and to charge himself with the minimum price of 70 cents a foot fixed by Arnold. According to his testimony, that agreement between him and Arnold was in parol.

That testimony of the plaintiff was flatly contradicted by that of Arnold. According to Arnold's testimony, he did not owe Jowell anything at the time the latter claimed that there was an agreement between the two for the settlement of the account in the manner noted. He further testified that he never agreed to sell the casing to Jowell or authorized him to sell it, but, on the contrary, sold it to the Oil Well Supply Company by bill of sale and in perfect good faith.

■■ The assignment of error predicated upon the objection noted to special issue No. 1 must be sustained, for it is well settled both by statute and by the decisions that controverted issues of fact must be submitted to the jury separately from each other. Articles 2185 and 2189, Rev. Civ. Statutes; Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517; T. & N. O. Ry. Co. v. Turner (Tex. Civ. App.) 199 S. W. 868; Central Transfer & Storage Co. v. Wichita Falls Motor Co. (Tex. Civ. App.) 222 S. W. 688; Eastern Texas Electric Co. v. Smith (Tex. Civ. App.) 298 S. W. 314; Western Indemnity Co. v. Mackechnie (Tex. Civ. App.) 214 S. W. 456.

■ But there is no merit in another assignment of error addressed to the action of the court in overruling appellant's special exception to plaintiff's petition presenting the defense of misjoinder of causes of action and of parties defendant, since the suit was for a joint conversion by the two defendants based upon the same claim of title made by plaintiff as to the entire lot of casing for which he sued. 1 Tex. Jur. pp. 639 to 660. Furthermore, it does not appear that the alleged misjoinder resulted in harm to appellant. 1 Tex. Jur. pp. 668 to 670.

The authorities cited by appellant, such as Stewart v. Gordon, 65 Tex. 344, in which it was held that a suit to recover for personal services rendered could not be joined with one for damages for malicious prosecution, and the case of Skipwith v. Hurt (Tex. Civ. App.) 58 S. W. 192, to the effect that a suit for breach of contract could not be combined with a suit for tort, and other decisions of like effect, have no proper application here.

■ Since the court instructed the jury not to consider the allegations of fraud made against the defendants, alleged to have been practiced by the Oil Well Supply Company on the Wichita Falls Motor Company, no reversible error is shown in failing to sustain an exception to such allegations.

In answer to other special issues, the jury found that Mrs. Jowell refused permission to the Oil Well Supply Company to take the casing still at plaintiff's home in San Angelo; and that the agent of the Oil Well Supply Company knew of the purported sale of Jowell to the Wichita Falls Motor Company before the casing was removed from Jowell's yard; and that Jowell did not consent for the Oil Well Supply Company to take any of the casing either from his yard or from that of the motor company in Wichita Falls. Error has been assigned to the submission of those issues on the ground that they were merely evidentiary facts upon the controlling issues in

the case, citing such decisions as Stiles v. Union Terminal Company (Tex. Civ. App.) 1 S.W.(2d) 947; Seale v. Schultz (Tex. Civ. App.) 3 S.W.(2d) 563; Cushman v. Masterson (Tex. Civ. App.) 64 S.W. 1031. If the Oil Well Supply Company took the casing in controversy with the consent of Jowell, then that fact would clearly be a defense to plaintiff's suit, and would not be subject to the objections made. And that issue and the other two issues were involved in allegations in plaintiff's pleading, which were adopted by the defendant motor company in its plea over against the supply company, to the effect that, at the time the supply company took possession of the casing under its claim of title, it had notice of the superior title thereto in Jowell, and therefore was guilty of a conversion knowingly committed; independently of any fraudulent misrepresentation made to the motor company by the supply company to induce it to abandon its claim of title, if any there was.

The further issue of whether or not the Wichita Falls Motor Company would have carried out its contract with plaintiff to take all of the casing at the price of 70 cents a foot to be applied on the debt which Jowell owed to that company was properly submitted, since we believe that issue had sufficient basis in plaintiff's pleadings and also in evidence introduced to sustain it.

In view of a reversal of the judgment, it is not necessary to determine the merits of another assignment of error to the order overruling appellant's motion for a continuance.

But for the error pointed out in the submission of issue No. 1, the judgment of the trial court will be reversed and the cause remanded for another trial.