## ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. HILL BROS.

### No. 1402.

Court of Civil Appeals of Texas. Eastland.
March 1, 1935.

See, also, 58 S.W.(2d) 861.

Stinnett & Stinnett, of Gatesville, for appellant.

T. R. Mears, of Gatesville, for appellee.

FUNDERBURK, Justice.

The suit involves a cattle shipment from Gatesville, Tex., to Fort Worth, Tex. Upon arrival at the destination one cow was dead, one was down and badly crippled, and several others were bruised and skinned, there being 27 head in all. The action was one for tort; no contract of shipment being relied upon. No specific acts of negligence were alleged, but it was averred that the cattle were delivered to the carrier at Gatesville uninjured

and in good condition for shipment, that they were transported while in the possession and control of the defendant without being accompanied by a caretaker, and were delivered to the agents of plaintiffs at Fort Worth in the condition described. These facts were relied upon as the basis for a presumption of negligence.

The defendant specially denied that it was guilty of any negligence or reckless handling of the cattle; alleged that at the time they were received for shipment they were in a poor and weak condition, and that there was no rough handling or ill treatment of them, and if they were injured in any way it was not through the fault or negligence of the defendant. The damages averred were based upon the market value at Fort Worth of the cow killed had it been delivered alive and uninjured, and the difference between the market value of the cattle injured had they been transported to their destination without injury and their market value in the condition in which they actually arrived. The judgment of the court below, being for the sum of $285.12, was based upon a verdict of the jury rendered in response to special issues submitted and wherein the jury found the defendant was negligent in the transportation of the cattle; that such negligence was the proximate cause of the death and injury of the cattle; that the cattle were not in a weak and thin condition at the time they were delivered to defendant, and that such weak and thin condition was not the proximate cause of the death and injury of said cattle; that the market value of the dead cow "at the time she was delivered to the defendant railway company at Gatesville, Texas," was $40; that the market value of the cow which was injured and down "at the time it was delivered to the defendant railway company at Gatesville, Texas," was $40, and at the time of reaching its destination, $17; that $222.12 would reasonably compensate plaintiffs for the damages sustained to the remaining 27 (should be 25) head of cattle.

The defendant below is appellant in this court, and the plaintiffs below are appellees.

■ On the trial, W. E. Burnham, the conductor for the Gulf, Colorado & Santa Fé Railway Company, who handled the shipment from McGregor to Cleburne, was asked whether there were any claims "put in at Fort Worth" for damages to cattle in the other cars in the same train. The witness would have answered "No," but upon objection the answer was excluded. It is contended that the action of the court in excluding the answer was error. The evidence does not show that the cattle in other cars in the same train were transported all the way the same as appellees' cattle, and there was no evidence to show that if claims were made they were necessarily "put in at Fort Worth." Evidence that no claims were "put in at Fort Worth," in the absence of some showing that that is the place where claims, if any, would have been made was, we think, immaterial, and the exclusion of the witness' answer was not error, even if such testimony would be competent under any circumstances; a question we find it unnecessary to determine.

■ It is also our conclusion that there was no error, as contended by the appellant, in the refusal of the court to give a peremptory instruction in its favor. It may be conceded there was evidence fully acquitting appellant of negligence in the handling of the shipment of cattle, and that such evidence was not directly contradicted, but such evidence, coming as it did from the employees of appellant, who may be regarded as interested witnesses, since, if there was any negligence, they were joint tort-feasors with appellant, raised a question of credibility to be passed upon by the jury in determining the issue of negligence submitted to them.

■■ Special issue No. 2, following the one inquiring whether appellant was negligent in the transportation of the cattle, asked the jury whether such negligence of the defendant, if any, was the proximate cause of the death and injury of plaintiffs' cattle. Also, special issue No. 4, following the one inquiring whether the cattle were in a weak and thin condition at the time they were delivered to appellant, asked whether such weak and thin condition was the proximate cause of the death and injury of plaintiffs' cattle. Appellant objected to special issue No. 2, for the reason, among others, that it presented a duplicity of issues and required both issues to be answered in the same way, and required the jury to find that either part or all of the damages, if any, were proximately caused by the defendant, or that none of the damages were proximately caused by the defendant. It was objected to special issue No. 4 that it presented a duplicity of issues, and required the jury to find that either the weak and thin condition of the cattle was the proximate cause of the death and all injuries to the cattle, or that such condition was not the cause of either the death or any part of the injuries. In our opinion, the giving of said issues in the form they were given, over the objection made, was error. Since the cause of the death

of the cow that was killed and the injuries to the cattle that were not killed was a matter of inference, and there was evidence from which the jury might have inferred that the cause was negligent rough handling, or some other negligence of the defendant, or was the weak and thin condition of the cattle, or that the death of the cow was from one cause and the injuries to the other cattle from another cause, or some of the injuries were from one cause and other injuries from a different cause, it is apparent that the jury were required by these issues to find that both the death of the cow that was killed and all the injuries to the other cattle were from one and the same cause. The issues were, therefore, subject to the objection that they were duplicitous, and the giving of same was error under the holdings in Panhandle & S. F. R. Co. v. Parrish (Tex. Civ. App.) 281 S. W. 887, and Kansas City, M. & O. R. Co. v. Moore (Tex. Civ. App.) 11 S.W.(2d) 335.

 Special issue No. 5 called for a finding of the market value of the dead cow at the time she was delivered to appellant at Gatesville. Appellant duly objected that it was immaterial as to such market value at the time the cow was delivered to appellant at Gatesville, and that the answer to such question would not be the proper measure of damages, and that no valid judgment could be rendered upon such answer. The submission of the issue in the form given was erroneous. This sufficiently appears, it seems, from the opinion in the Court of Civil Appeals on the former appeal of this case. See St. Louis Southwestern Ry. Co. of Texas v. Hill Bros., 58 S.W.(2d) 861. The same is true of special issue No. 6 inquiring as to the market value of the cow which was injured and down, as also special issue No. 8, relating to the remaining cattle which, among other things, included an instruction to the jury to take into consideration the difference in market value, if any, of the said 27 (25) head of cattle at the time they were delivered to the defendant at Gatesville, and at the time of reaching their destination.

 Appellant requested the court to submit six special issues in addition to, or in lieu of, the special issues that were submitted. These the court refused. Assignments are presented complaining of such action. These requested issues were all included in one instrument. They should have been separate so that any one or more could be given and the others refused, and the refusal or giving of same noted on each, as provided in R. S. 1925, art. 2188. Largent v. Etheridge (Tex.

Civ. App.) 13 S.W.(2d) 974. The statute cited, although in terms applying to requested "charges" or "instructions," is held to be equally applicable to requested special issues. Walker v. Hirsch Cooperage Co. (Tex. Com. App.) 236 S. W. 710; Lamar v. Panhandle & S. F. R. Co. (Tex. Com. App.) 248 S. W. 34.

 Specially requested issues Nos. 1 and 2 called for findings of the necessary facts to permit application of the proper measure of damages which no other issue submitted by the court did. Appellant having duly objected to the improper submission of issues regarding the measure of damages is perhaps entitled to urge an assignment complaining of the refusal to submit the special issues requested had they been in proper form. Even if so, however, it is much the safer practice to rely upon assignments complaining of the giving of improper issues over proper objection, rather than to complain of the failure of the court to give a requested proper issue. Whenever the court submits an issue incorrectly, and same is not objected to, then there is no error in the refusal of the court to give in addition thereto a requested special issue on the same subject, although correct. Isbell v. Lennox, 116 Tex. 522, 295 S. W. 920; Belzung v. Owl Taxi et al. (Tex. Civ. App.) 70 S.W.(2d) 288. We have heretofore had occasion to hold that when the court attempts to submit an issue made by the pleadings and evidence, even though it be incorrect, the adverse party is required to make proper objection thereto in order to complain of error, but is not under duty to tender and request the giving of a correct issue. Panhandle & S. F. Ry. Co. v. Burt (Tex. Civ. App.) 71 S. W.(2d) 390. The error in such case may be completely revised upon an assignment complaining of the submission, over proper objection, of the issue in the incorrect form. These observations and those following relating to the specially requested issues of appellant are made in view of another trial of this case.

 Specially requested issue No. 3 inquired whether the death of the cow was caused by injuries due to its condition when received by defendant. This was an issue made by the evidence. It is doubtful, we think, if it was one affirmatively tendered by appellant's pleading. Unless it was an affirmative issue tendered by appellant's pleading, appellant, under the authority of Boswell v. Pannell, 107 Tex. 433, 180 S. W. 593, had no right to have it separately submitted. But, according to the decisions in Colorado &

Southern Ry. Co. v. Rowe (Tex. Com. App.) 238 S. W. 908; Rosenthal Dry Goods Co. v. Hillebrandt (Tex. Com. App.) 7 S.W.(2d) 521; Norwich Union Ins. Co. v. Chancellor (Tex. Com. App.) 5 S.W.(2d) 494; National Cash Register Co. v. Rider (Tex. Com. App.) 24 S. W.(2d) 28, and a number of other decisions, the fact that the issue was raised by the evidence under a general denial was sufficient to require submission. Ordinarily, under conditions to which those decisions are applicable, the burden of proof remains upon the plaintiff to establish by a preponderance of the evidence the negative of the issue. There may be some doubt, we think, whether it would in the instant case, since under the theory of appellees' right of recovery the ultimate fact issue of negligence is one of presumption. It seems to us in such case the appellant would be under no greater burden than that of showing facts from which the inference of no negligence would be equally justified as the inference of negligence. In the case of Kansas City Southern Ry. Co. v. Carter (Tex. Civ. App.) 166 S. W. 115, it was declared that if an inference consistent with no negligence is just as valid as an inference of negligence, then the jury may not determine the question. Lutgen v. Standard Oil Co., 221 Mo. App. 773, 287 S. W. 885.

The same observations as made above are applicable to specially requested issues Nos. 4, 5, and 6.

For the reasons discussed, it is our opinion that the judgment of the court below must be reversed, and the cause remanded, which is so ordered.